FARMERS' LOAN & TRUST CO. *v.* NORTHERN PAC. R. CO.

(Circuit Court, D. Washington, W. D. July 28, 1896.)

EQUITY PRACTICE.
In equity practice, it is permissible to set forth matters of law as well as matters of fact constituting a defense.

J. B. Bridges, for petitioner.
F. M. Dudley, for respondent.

HANFORD, District Judge. This is a petition by the treasurer of Chehalis county for leave to proceed under the revenue law of this state to obtain a judgment and sale of certain lands claimed by the Northern Pacific Railroad Company as part of its land grant, or for an order requiring the receiver to pay the taxes assessed against said land for the year 1892. An answer has been filed in behalf of the Northern Pacific Railroad Company, and the receiver alleges that the lands referred to were not taxable at the date of the assessment, for the reason that patents for the same had not been, prior to that date, issued, and the nonmineral character thereof had not been ascertained, and therefore the legal title had not passed from the United States; and for the further reason that the assessment was imperfect and invalid, for want of an accurate and complete description of the lands; and for the further reason that the tax levy was in part unauthorized by law,—that is to say, in addition to the usual levy of state, county, and school taxes, a levy was made for "Road and Bridge Fund," a purpose not authorized by law. All irregularities in the petition have been waived, and the case has been argued and submitted upon exceptions to this answer.

Notwithstanding any uncertainty as to whether or not the lands referred to are exempt from the grant to the railroad company, recent decisions of the supreme court hold that the same are taxable as the property of the company. Northern Pac. R. Co. v. Patterson, 154 U. S. 130–134, 14 Sup. Ct. 977; Central Pac. R. Co. v. State of Nevada, 16 Sup. Ct. 885. The answer, however, raises an issue as to the validity of the assessment and tax levy. As the matter is set forth, the description of the land in the assessment roll appears to be imperfect; and the levy of a special tax for "Road and Bridge Fund" appears to be unauthorized by law, and other irreg-

ularities are alleged, rendering the assessment void. In equity practice, it is permissible to set forth matters of law as well as matters of fact constituting a defense. Therefore I must give effect to statements in the answer which the petitioner's counsel may have regarded as mere conclusions of law. When the evidence is presented to me, I will consider again all questions affecting the validity of the tax; and, if all or any part of the tax appears to have been lawfully assessed, the receiver will be required to pay the same. The exceptions must be overruled, but I reserve my decision upon the questions as to the validity of the assessment roll and tax levy until the final hearing.