**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Brian E. TURNER, Defendant-Appellant.**

No. 76–3276.

United States Court of Appeals, Ninth Circuit.

July 27, 1977.

536

Howard W. Gillingham, North Holly-wood, Cal., argued for defendant-appellant.

William D. Keller, U. S. Atty., Ronald L. Gallant, Asst. U. S. Atty., argued, Los Angeles, Cal., for plaintiff-appellee.

Before HUFSTEDLER, GOODWIN and ANDERSON, Circuit Judges.

HUFSTEDLER, Circuit Judge:

The issue on appeal is whether the district court impermissibly restricted this criminal defendant's exercise of peremptory challenges by treating defense counsel's acceptance of a jury panel as then constituted as a waiver of a peremptory challenge. The effect of the district court's restriction in this case was to deprive the defendant, Turner, of all of his peremptory challenges.

Turner was convicted for a series of offenses growing out of a serious assault on a fellow federal prisoner. He contends that the district court committed reversible error when it refused to permit him to exercise a peremptory challenge of a new juror, who took the place of a juror excused by a codefendant, on the ground that each time that he had accepted a panel constituted the exercise of a peremptory challenge, thereby exhausting his challenges before he actually challenged any juror.

Turner was tried with two codefendants, Bennett and Johnson. The trio agreed, through their counsel, that the ten peremptory challenges to which they were entitled

under Fed.Rules Crim.Proc. rule 24(b) would be allocated to three apiece with the final challenge to be exercised jointly. During voir dire, the Government excused one juror; Bennett and Johnson each excused two jurors. Turner thrice accepted the jury panel as then constituted. When Johnson executed his second challenge, however, juror Praiser was called to take the place of the excused juror. Turner tried to exercise a peremptory challenge to excuse Praiser. Turner had not earlier challenged any juror. The district court refused to permit Turner to challenge Praiser on the ground that he had used all of his peremptories by thrice accepting the jury panel as then constituted.

The absence of any uniform national or, in this case, even local rules of court spelling out the procedure for exercising peremptory challenges in criminal cases has been justifiably condemned. The end product is a procedural muddle that traps the unwary district judge as well as the unwary litigant to the profit of no one. (*E. g., United States v. Sams* (5th Cir. 1972) 470 F.2d 751; *United States v. Rowe* (9th Cir. 1970) 435 F.2d 1298; *New England Enterprises, Inc. v. United States* (1st Cir. 1968) 400 F.2d 58. *See also* 2 Wright, Fed.Prac. & Proc. § 387.)[1]

The transcript in this case is an illustration of the confusion generated by the lack of local rules governing peremptories and by ambiguous exchanges that led to misunderstandings between the court and counsel about the district court's own ground rules.[2]

---

1. Suggestions that local rules be drafted have long been made and, with occasional exceptions, long ignored. *See, e. g., Lewis v. United States* (1892) 146 U.S. 370, 379, 13 S.Ct. 136, 139, 36 L.Ed. 1011 ("Perhaps the preferable course would be for the Circuit Courts [now district courts] to adopt the methods [of exercising peremptory challenges] prescribed by the statutes of the States, because such methods are familiar to the bar and the people of the States. If, however, the Circuit Courts choose to deal with such matters by rules of their own, we think it essential that such rules should be adapted to secure all the rights of the accused.") ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, § 2.6, Commentary, pp. 70–78, Approved Draft, 1968.

2. "THE COURT: My record shows that I have permitted the defendant Turner three peremptories, the defendant Bennett three and the defendant Johnson two.

Do you agree or disagree with those?

MR. AHERONI: I agree.

MR. GILLINGHAM: I believe I've accepted three times, yes your Honor.

MR. SOBEL: That is correct, your Honor.

THE COURT: All right, the defendant Johnson's peremptory now.

MR. AHERONI: The defendant will accept the jury as presently impaneled.

THE COURT: Now that leaves one peremptory for any defendant to exercise.

Is there any desire on the part of any defendant to exercise a peremptory?

MR. GILLINGHAM: Turner has none.

MR. SOBEL: Yes, your Honor, on behalf of the defendant Bennett, we would like to thank and excuse Mrs. Gouge.

.    .    .    .    .

MR. GILLINGHAM: Judge, I understood that it would be a total of 10 peremptories that could be exercised.

I believe you have asked us approximately 10 times, but I believe we are well short of the ten. It just so happens I have been accepting the jury, and now we have come upon Mrs. Praiser, who I would like to exercise a peremptory, and I believe we are still within the range of ten. I thought the Court was asking the standard form—

THE COURT: I had the impression that I have given you ten. I will go over the—

MR. GILLINGHAM: Judge, I believe you have given us the opportunity to exercise ten.

THE COURT: Well, if you passed that is a peremptory.

MR. GILLINGHAM: But what has happened is the content of the jury has just changed, from my standpoint on the last challenge to someone who I do not want on the jury.

THE COURT: Well, I gave the defendants ten peremptories to divide among themselves, and if you passed a peremptory, if you said that the jury is satisfactory to you, then I take it that you are saying to me that I understand that I have a challenge, but that I pass it. I don't want to exercise a challenge. And that does not let you reserve that challenge to a later time.

MR. GILLINGHAM: But, Judge, the jury has changed in composition, though, with the addition—

THE COURT: That can always happen.

MR. GILLINGHAM: Well, it would be over my objection, your Honor, that this jury be sworn, in my view the defendants have ten peremptories to exercise. I can't go back, I realize I can't go back, for example, and excuse one of the other members, but certainly when a new party comes on who I didn't know about.

Neither the number of peremptory challenges nor the manner of their exercise is constitutionally secured (*Stilson v. United States* (1919) 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154), but the peremptory challenge is "one of the most important rights secured to the accused." (*Id.* at 586, 40 S.Ct. 28. *See also Swain v. Alabama* (1965) 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759.) "Any system for the empanelling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned." (*Pointer v. United States* (1894) 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208.) Although wide discretion is committed to the district court in setting the procedure for the exercise of peremptory challenges (*Hanson v. United States* (9th Cir. 1959) 271 F.2d 791; *United States v. Mackey* (7th Cir. 1965) 345 F.2d 499; *United States v. Keegan* (2d Cir. 1944) 141 F.2d 248), that discretion is not boundless. The method chosen by the district court must not unduly restrict the defendant's use of his challenges (*Pointer v. United States, supra*, 151 U.S. 396, 14 S.Ct. 410), and, whatever may be the method chosen, the defendant must be given adequate notice of the system to be used. (*United States v. Sams, supra*, 470 F.2d 751.)

The method chosen in this case violated both limitations. Nowhere in the record does it appear that counsel had notice before trial that the district court's rules governing peremptories included a provision that each time defense counsel accepted a jury as then constituted, he had forthwith used a peremptory. Moreover, even if notice of that practice had been conveyed, we believe that such a forced waiver is an undue restriction on the exercise of peremptory challenges. We are not confronted with a claim that a defendant can save his challenges, after he has accepted a panel, and then use them to challenge members of the same panel after other defendants or the Government has exhausted their challenges. (*United States v. Keegan, supra*, 141 F.2d 248; Comment, "The Right of Peremptory Challenge," 24 U.Chi. L.Rev. 751 (1957).) The issue is much narrower: Can the defendant be forced to forgo a peremptory challenge each time he accepts a panel as then constituted? Our negative answer does not mean that a defendant can challenge a member of the panel that he has accepted. It means that acceptance of a panel cannot be deemed a waiver of a peremptory challenge in respect of a person who was not a member of the panel at the time the jury was accepted.[3] Thus, whenever the composition of the panel has changed, the defendant may exercise any of his unexpended peremptories to excuse the new prospective juror or jurors. Our holding does not prevent a district judge from forbidding a challenge to any juror who was a member of the panel at the time the jury was accepted.

An error in restricting the exercise of peremptory challenges results in an automatic reversal. The defendant need not show that he was prejudiced by the error. (*Swain v. Alabama, supra*, 380 U.S. at 219, 85 S.Ct. at 835, "The denial or impairment of the right [of exercising peremptories] is

THE COURT: What you are saying is that you understand the rule to be that if you pass that you are reserving the right to later make a peremptory, is that correct?

MR. GILLINGHAM: As the composition of the jury changes.

THE COURT: Well, I don't understand the rule to be that at all, Mr. Gillingham.

And I thought it was well understood that if you are given the opportunity to exercise a peremptory, and you said that you passed, that that means exactly what it says, that you are passing the opportunity to exercise a peremptory, and you are giving up the peremptory in a sense of the word.

MR. AHERONI: If the Court may recall, the last time the Court had asked whether or not we had any peremptories I had stated that I accept the jury as presently impaneled. I was considering the possibility that the jury might change its makeup, which it has done, and I likewise, like Mr. Gillingham, feel the jury has changed.

THE COURT: You gentlemen are just not fully understanding the rule. And you have exhausted your peremptories. I'm sorry."

3. Of course, nothing that we say forecloses an express waiver of one or more peremptory challenges by defense counsel.

reversible error without a showing of prejudice [citations omitted].")

REVERSED AND REMANDED FOR A NEW TRIAL.