THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EARVIL L. WATSON, Defendant-Appellant.

Fourth District No. 4—82—0135

Opinion filed October 13, 1982.

Daniel D.Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas L. Brownfield, State's Attorney, of Havana (Robert J. Biderman and Michael W. Hogan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:
Trial *in absentia*.
Guilty of burglary and theft.
Were the statutory admonitions given?
No.
We must reverse and remand.
Watson raises no question of the sufficiency of the evidence presented at his trial, so no extended recitation of those facts is necessary. But the enumeration of certain procedural occurrences are required to address his claim that he was improperly tried *in absentia*.

Watson was charged by information with burglary and theft and a warrant for his arrest was issued on June 4, 1981. He was arrested on June 11, but was released on June 15, after posting bond. His case was continued several times until preliminary hearing was held on August 20. There is some conflict in the record, but apparently Watson was not present at the hearing—although he was represented by retained counsel. The trial court nevertheless found probable cause and continued the case until October 22 for arraignment.

Watson did appear with his counsel at arraignment. He entered a plea of not guilty and requested a jury trial. The court accepted the plea and set the matter "for jury trial on the January jury call." He was not, however, admonished of his rights at arraignment. A written order was entered by the court following arraignment and sent by regular mail to Watson which related that the case had been continued until January 11, 1982, for jury trial.

On December 30, 1981, a pretrial conference was held. Watson's counsel was present, but Watson was not. Following the conference,

the court entered the following order, which was also sent by regular mail to the defendant:

"*** this case is hereby set for trial by jury, commencing on January 11, 1982, at 10:00 a.m., all parties, including the Defendant, are ordered to appear at that time for trial by jury. Failure of the Defendant to appear will result in the trial proceeding in his absence, and his case being tried in absentia."

Defendant also failed to appear at his jury trial on January 11, 1982, but was again represented by counsel. After calling the roll of prospective jurors, the trial court advised them as follows:

"Ladies and gentlemen, we have a rather unique situation this morning. This matter called for trial, the defendant, Mr. Earvil Watson, although notified and although he has contacted his counsel, has not appeared this morning. His notice also advised him that if he did not appear that he would be tried in absentia. His counsel is present and it is his counsel's obligation to protect his interest so we will proceed to this trial without the defendant being here. That is going to shorten things up considerably I expect."

At no time before or during trial did defendant's counsel object to trial in absentia. Nor did he file a post-trial motion.

■ There is no question that a criminal trial may be conducted in the defendant's absence without violating his constitutional rights. (People v. Powell (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708.) But the legislative scheme providing for trial in absentia is designed to insure that such a trial is not held unless defendant has made a valid waiver of his right to be present at trial and to confront witnesses against him.

To this end, section 113—4(e) of the Code of Criminal Procedure provides that at arraignment "or at any later court date on which he is present," the court shall advise the defendant "that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." (Ill. Rev. Stat. 1981, ch. 38, par. 113—4(e).) This warning was never personally given to Watson, although it was contained in a notice mailed to him.

Similarly, section 115—4.1(a) of the Code of Criminal Procedure requires that "when the defendant was not personally present in open court at the time the case was set for trial" he must be sent notice of the date "by certified mail at his last known address indicated on his bond slip." (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a).) The trial

court's statement at Watson's arraignment that the case was "set for jury trial on the January jury call" was insufficient to set the date in open court in defendant's presence. Defendant was apparently mailed two notices of his specific January 11, 1982, trial date, but those were not sent by certified mail, and there is nothing in the record to confirm that defendant received them.

Nor is the fact that defendant's counsel had notice sufficient. The statute clearly requires more. We thus decline to follow the contrary holding of *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590. *Clark* ignores the fact that section 115—4.1(a) requires notice by certified mail and emasculates the clear statutory protections.

■ Perhaps the most important safeguard against unconstitutional trial *in absentia* is the requirement in section 115—4.1(a) that the trial may proceed in defendant's absence only where the State has so requested and has proven by substantial evidence that defendant is wilfully avoiding trial. There is no indication in this record that the State made such a request or that it produced any evidence of wilfulness. The State, as *Powell* notes, has the burden of proving a negative here. Rather than require the State to negate every possibility that a defendant's absence was not wilful, we hold that a *prima facie* case is established by showing that the statutory requirements have been complied with. Only if the defendant introduces some evidence that he did not act wilfully should more be required of the State. See *Clark*; *Powell*; *People v. Davis* (1979), 69 Ill. App. 3d 548, 388 N.E.2d 167.

■ The State did not meet this burden. On the contrary, the only way defendant can be said to have known of his trial date and the consequences of his failure to appear is if the knowledge of his counsel is imputed to him. We decline to do so because such a holding would amount to ruling that trial *in absentia* is proper whenever defendant is represented by counsel.

*Powell* does not compel a contrary result. *Powell* did hold that it was not an abuse of discretion to try a defendant *in absentia* without receiving evidence on the question of whether defendant's absence was wilful. However, in *Powell* there were representations by counsel as to what the evidence would show—including defense counsel's indication that defendant knew his trial date. No such representations appear of record in this case. Watson's knowledge of the trial date cannot be inferred from the mere fact that he had contacted his counsel.

The failure to comply with the prerequisites for trial *in absentia* is perhaps understandable. The provision is, fortunately, seldom necessary. It is very rare, indeed, that a defendant fails to appear for trial,

884

and the issue normally fades into oblivion. The statute in its present form is of fairly recent vintage—becoming effective September 1, 1979—and its requirements are somewhat intricate. However, this does not lessen the impact of improper trial *in absentia* on a defendant. Courts should abhor trial *in absentia* because of its inherent unfairness to a defendant. (*People v. Zielinski* (1979), 77 Ill. App. 3d 157, 395 N.E.2d 1020.) The error here was thus plain error and we consider it under Supreme Court Rule 615(a), even though it was not properly preserved below. (73 Ill. 2d R. 615(a).) See also *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.

Because of our decision on this issue, we need not consider defendant's contention that he was denied effective assistance of counsel.

Reversed and remanded.

GREEN, P.J., and LEWIS, J., concur.