THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DUANE A. WILLIAMS, Defendant-Appellant.

Fourth District No. 4—86—0407

Opinion filed January 26, 1987.

Daniel D. Yuhas and Patricia G. Mysza, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Following a jury trial *in absentia*, Williams was convicted of retail theft in excess of $150 (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3) and sentenced to a two-year term of imprisonment. He appeals, asserting (1) the court's failure to timely honor a request for a substitution of Judge Scott rendered void a subsequent order of Judge Scott that he be tried *in absentia*; (2) he was improperly tried *in absentia* because (a) the decision to try him *in absentia* was made at an *ex parte* hearing, (b) notice of his trial date was not sent to him by certified mail, and (c) the State did not establish by substantial evidence that he was wilfully avoiding trial; and (3) evidence of a prior theft offense was improperly admitted at his trial.

I

Following his January 31, 1986, arrest, Williams was released on bond. He personally appeared at an arraignment held on February 13, 1986. On that date, the cause was set for trial readiness call on April 14, 1986, and for jury trial on April 21, 1986, in "Courtroom No. 1." On February 24, 1986, Williams filed a motion for a substitution of Judge Scott, who apparently presides in courtroom No. 1.

Williams did not appear at the April 14, 1986, readiness call, and the cause was therefore allotted for further trial readiness call on April 17, 1986. Williams' counsel was to provide him with notice at the address shown on his bond form. When Williams likewise failed to appear at the April 17 readiness call, the court granted the State's motion that the cause be allotted for trial *in absentia* on April 30, 1986. The court also ordered that a warrant issue for Williams' arrest and that the clerk give Williams notice of his new trial date at the address shown on his bond form.

On April 29, 1986, the circuit court discovered that the clerk had not provided Williams with special notice of his new trial date. The court therefore directed issuance of a warrant and its delivery to the sheriff's office for service on Williams at the address shown on his bond form and affidavit of assets and liabilities. The court also directed the State's Attorney's office to attempt to serve special notice on Williams.

Prior to the beginning of Williams' April 30, 1986, jury trial, Judge Scott and Assistant State's Attorney Spence participated in an

*ex parte* hearing, at which the court observed that the warrant, which the court had on the previous day directed that the clerk issue and the sheriff serve on Williams, had been returned unserved. A deputy had noted on the warrant that he was told that Williams did not live at that address and that Williams had moved. Also included in the record is an affidavit of Gerald Sheehy, a Macon County State's Attorney investigator, to the effect that when Sheehy attempted to serve a notice of trial on Williams at his address as indicated on his bond form, Sheehy was informed that Williams had vacated his apartment two months prior to April 29, 1986, to go to the State of Ohio. At the conclusion of this hearing, the court ordered that Williams' trial proceed in his absence on the basis of Williams' wilful avoidance of trial.

For reasons which do not fully appear of record, the cause was on the same day assigned to Judge Patton for trial. Following the denial of a motion by Williams' counsel for a continuance, evidence was presented and the jury's guilty verdict followed.

Although the record does not reflect that a notice of the April 30, 1986, trial date was ever served on Williams by certified mail, the circuit clerk did, on April 29, 1986, send Williams a notice of bond forfeiture by certified mail. This notice was returned marked, "MOVED—LEFT NO ADDRESS."

At the oral argument of this appeal, counsel indicated that the defendant has not been located since his conviction and presumably is unaware of the appellate proceedings. It is interesting that section 115—4.1(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e)) provides the defendant a means of obtaining a new trial, even after disposition of the appeal of his conviction, if he "can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." See *People v. Sayles* (1985), 130 Ill. App. 3d 882, 887, 474 N.E.2d 870, 874, and *People v. Stark* (1984), 121 Ill. App. 3d 787, 792, 460 N.E.2d 47, 50.

■■ Section 115—4.1 of the Code of Criminal Procedure of 1963 provides that when a date is set for a trial *in absentia*, "the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial." (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a).) The record before us clearly reflects noncompliance with this provision. The attempted personal service on Williams was an ineffective substitute for the service by certified mail required by statute, since it is not beyond the realm of possibility that notice by certified mail posted

immediately upon the court setting a new trial date for Williams would ultimately have reached Williams. The hearsay evidence introduced at the *ex parte* hearing, to the effect that Williams moved two months prior to the date of his trial, does not conclusively negate this possibility. Because notice of Williams' new trial date was not sent to him in the manner prescribed by statute, a manner we now declare to be mandatory, we reverse his conviction and remand this cause to the circuit court for a new trial following proper notice to Williams. See *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152 (notice of trial *in absentia* sent by ordinary mail is no substitute for notice sent by certified mail).

In concluding that the certified mailing procedure is mandatory, we are not unaware of the probable futility of the procedure in this case. All trial judges with a substantial criminal calendar have reason to be frustrated by the technical nature of this decision. The legislation establishing trials *in absentia* changed the rights of all those who fail to appear for trial. The specific provisions of the legislation were intended to protect the constitutional right to trial yet remedy a problem facing the criminal courts. We find it necessary to give strict construction to the provisions of the act.

## II

■ Because the issue may arise at a new trial, we also address Williams' contention that evidence of a prior theft conviction was improperly admitted. At Williams' trial, one of the arresting police officers was permitted to testify that soon after his arrest, Williams told the officer that the present offense "would be his second theft" and asked the officer, "if he [Williams] gave me [the officer] a good bust, would [I] let him walk." The statement constitutes an admission, from which it was possible to infer a consciousness of guilt on the part of Williams. Therefore, it was properly admitted as an exception to the general rule which excludes evidence of other crimes. See *People v. Houseton* (1986), 141 Ill. App. 3d 987, 490 N.E.2d 1354.

## III

Because of our decision, it is not necessary to discuss the questions that arise from the *ex parte* hearing and the motion for a substitution of Judge Scott. However, the motion for substitution presents an issue that concerns the court. The record indicates only the filing of the motion, with no request for a hearing. Nothing indicates that Judge Scott knew of the filing. The 1984 Annual Report of the Administrative Office of the Illinois Courts to the Supreme Court indi-

cates that 652 felony cases and 1,959 misdemeanor cases were filed in Macon County in 1984. We are aware of the volume of materials filed in cases. To put the burden on the trial court to find a motion for substitution and act on it is ridiculous. The responsibility is best placed on the party filing the pleading. Defendants should not be allowed to benefit by their failure to call up their own motions.

For the reasons stated, we reverse Williams' conviction and remand this cause to the circuit court for further proceedings.

Reversed and remanded.

McCULLOUGH and KNECHT, JJ., concur.