**Earvil WATSON, Petitioner,**

v.

**Alethea CAMP, Warden Graham Correctional Center, Respondent.**

No. 86–3282.

United States District Court, C.D. Illinois, Springfield Division.

July 7, 1987.

Lawrence Bapst, Springfield, Ill., for petitioner.

Judith H. Schlessinger, Asst. Atty. Gen., Springfield, Ill., for respondent.

## OPINION ORDER

MILLS, District Judge:

State felony.

Jury trial.

Guilty.

15 years.

Here on *habeas corpus:* State trial judge denied Petitioner a peremptory challenge against an alternate juror.

Unfortunately, we must grant the writ.

Watson brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his Illinois state court conviction for residential burglary and the resulting 15–year sentence.[1] Specifically, Petitioner maintains he was denied the Sixth Amendment's guarantee to an impartial jury when the trial judge refused to allow him a legislatively-mandated peremptory challenge against an alternate juror who subsequently served as a member of the regular panel.

Although the Illinois courts deemed the mistake harmless, Watson asserts the miscue creates reversible error *per se.*

Agreeing with the state tribunals, the warden concedes the error, but nonetheless argues that the overwhelming evidence of Watson's guilt—coupled with the absence of any proven prejudice to the Defendant—makes denial of a peremptory challenge insignificant. Respondent asserts that Petitioner received a fundamentally fair trial and is consequently not entitled to the writ.

We agree in spades that the evidence of guilt was overwhelming, but with the

---

1. This Court notes that the presiding judge, District Judge Richard Mills, has been involved previously in Petitioner's state prosecution when he was a Justice of the Illinois Appellate Court, 4th District. *People v. Watson,* 109 Ill. App.3d 880, 65 Ill.Dec. 360, 441 N.E.2d 152 (4th Dist.1982). That decision, however, did not involve the merits of Watson's conviction, but rather concerned only the prerequisites for trial *in absentia* under Illinois law. Therefore, the Court does not find the judge's recusal necessary. *Cf.* 28 U.S.C. § 455(b)(3) (judge should recuse himself where he has expressed opinion concerning the merits of the particular case in controversy).

warden's conclusion that the error was harmless, this Court cannot agree. Before proceeding with a discussion of the problem, however, a brief recitation of the facts is warranted.

### Background

On the evening of February 24, 1984, Robert Roese and his wife were returning to their trailer near Topeka, Illinois, when they heard noises coming from inside the home. Before entering, they decided to acquire the assistance of Gordon Bauer, Mrs. Roese's father. Upon their return to the residence, the group discovered several guns missing. Shortly thereafter, the men observed the Defendant attempting to flee from a hedge row. When Watson pulled a pistol, Bauer disarmed the suspect and knocked him to the ground. The police subsequently found items of jewelry on and around the Defendant. Watson was charged with residential burglary and theft of property over $300 in violation of Ill. Rev.Stat. ch. 38, ¶¶ 16–1, 19–3 (1983).

Petitioner's trial commenced June 8, 1984, in the Circuit Court of Illinois, Mason County. After the regular jury was selected and sworn, defense counsel requested a peremptory challenge for the selection of an alternate juror, consistent with Illinois law. Without reason, the court denied the motion and selected the alternate juror. The State then commenced its case-in-chief.

Following the testimony of the first witness, defense counsel learned that one of the regular jurors was a commissioned deputy sheriff. The court offered defense counsel use of the previously denied peremptory challenge to remove the deputy:

THE COURT: I note by 115–4, subsection (g), [Ill.Rev.Stat. ch. 38, ¶¶ 115–4(g) (1983)], after the jury is empaneled and sworn that the Court may direct the selection of two alternate jurors who shall take the same oath as regular jurors. Each party shall have one peremptory for each alternate. So it appears I may have erred in denying you one extra peremptory yesterday at the time you did request the same. That being the case and for the additional reason, that although he may not have served [as a deputy, the officer] was authorized to serve, I will accept your additional peremptory if you wish to dispose of him in that manner.

The State's Attorney, however, noted that the extra peremptory challenge would apply only to an alternate juror. The court agreed. Defense counsel then moved to dismiss the officer for cause. More importantly, he sought a mistrial since his client had not been allowed to challenge the alternate as required by Illinois law:

THE COURT: Your time for using [peremptory challenges] is probably over anyway. I am going to allow you to dismiss [the deputy] and let the alternate serve in his place. I don't think it is mandatory that I do so, but in view of the desire to avoid any possible error, I will do so.

DEFENSE COUNSEL: Okay, and then for the record, I want to move for a mistrial, because I was not allowed an additional peremptory challenge.

THE COURT: Denied. Due to matters that have only now been brought to the Court's attention and on motion made by counsel for the defense, the Court will excuse [the juror] from further services and ask that an alternate take his place.

On June 20, 1984, the jury convicted Defendant of residential burglary. The trial judge sentenced Watson to 15 years. The Illinois Appellate Court affirmed the conviction. In addressing the denial of the peremptory challenge, the court stated:

Here, there is no showing that an alternate juror was prejudiced. Ordinarily, a deprivation of a peremptory challenge constitutes reversible error, but where proof of guilt is so overwhelming that no other verdict could reasonably have been reached, error is not waived. This is such a case. We have described the strength of the evidence. The alternate juror became part of the regular jury only through a concession by the court to permit the defense to have discharged from the regular jury, a juror whose prejudice was not shown.

*People v. Watson,* 135 Ill.App.3d 1169, 100 Ill.Dec. 214, 496 N.E.2d 1279 (4th Dist. 1985).

The Illinois Supreme Court denied Defendant's leave to appeal on December 4, 1985. Having exhausted his state remedies, Petitioner now seeks relief from this federal tribunal.

The sole issue before this Court is whether the Illinois trial judge's error in restricting the Petitioner's exercise of a peremptory challenge against the alternate juror rises to a constitutional plane without a showing of prejudice.

## Discussion

A peremptory challenge is the right to strike a potential juror without assigning a reason for the action. Black's Law Dictionary 1023 (5th ed. 1979). It is exercised without reason, without inquiry, and without the Court's control. *Lewis v. United States,* 146 U.S. 370, 378, 13 S.Ct. 136, 139, 36 L.Ed. 1011 (1892). In *Swain v. Alabama,* 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965), *overruled in part, Batson v. Kentucky,* — U.S. —, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (overruled that portion of *Swain* which addressed the evidentiary burden placed on a defendant who claims denial of equal protection by a state's discriminatory use of peremptory challenges), the Supreme Court stated the underlying purpose of peremptory challenges:

> The function of a peremptory challenge is not only to eliminate extremes of impartiality on both sides, but also to assure the parties that the jurors before whom they try the case will decide the case on the basis of the evidence and not otherwise.

Still, the right to a peremptory challenge is not derived directly from a constitutional provision; nothing in the United States Constitution requires a state to grant a peremptory challenge. *Stilson v. United States,* 250 U.S. 583, 586, 40 S.Ct. 28, 29–30, 63 L.Ed. 1154 (1919). Neither their number nor the manner of their exercise is provided for in the document. *See United States v. Ricks,* 776 F.2d 455 (1985), *aff'd*

*on rehearing,* 802 F.2d 731 (4th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 650, 93 L.Ed.2d 705 (1986); *United States v. Rucker,* 557 F.2d 1046 (4th Cir.1977); *United States v. Turner,* 558 F.2d 535 (9th Cir. 1977). Rather, statute generally governs a litigant's right to peremptory challenges. In Illinois, a defendant's right to a peremptory challenge of an alternate juror is governed by Ill.Rev.Stat. ch. 38, ¶ 115–4(g) (1985):

> After a jury is empaneled and sworn, the Court may direct the selection of two alternate jurors who shall take the same oath as the regular jurors. Each party shall have one peremptory challenge for each additional alternate juror. If before the final submission of a cause a member of the jury dies or is discharged, he shall be replaced by an alternate juror in the order of selection.

Nevertheless, a connection does exist between state law which provides a right to peremptory challenges and the Federal Constitution. That connection is the right to a trial by an impartial jury as guaranteed by the Sixth Amendment. This relationship has led the Supreme Court to indicate (implicitly at least) that the denial of such right as defined by statute must ordinarily constitute reversible error. *Lewis,* 146 U.S. at 376, 13 S.Ct. at 138, 36 L.Ed. at 1014. "For it is, as Blackstone says, an arbitrary and capricious right; and it must be exercised with full freedom, or it fails its purpose." *Id.* at 378, 13 S.Ct. at 138, 39 L.Ed. at 1014. Likewise, Justice Harlan has expressed: "Any system of impaneling a jury that prevents or embarrasses the full, unrestricted exercise by the accused of his right to peremptory challenge must be condemned." *St. Clair v. United States,* 154 U.S. 134, 148, 14 S.Ct. 1002, 1008, 38 L.Ed. 934 (1984). *See also Pointer v. U.S.,* 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894).

In the landmark case of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), the United States Supreme Court addressed the question of a remedy where rights to a peremptory challenge were abridged. In *Swain,* the de-

fendant was indicted for and subsequently convicted of rape. During the proceedings, he moved to quash the indictment and overturn his trial based on the discriminatory selection of jurors. In upholding the conviction, the Supreme Court noted that the extent of the peremptory's use demonstrates its fundamental role in our system of trial by an impartial jury.

Because of this role, and the difficulty of proving a change in outcome absent the error, *Swain* teaches that the question of demonstrable prejudice simply cannot enter into the inquiry. Were the rule otherwise, a court's refusal to allow *any* peremptory challenge could arguably be left unremedied, if the evidence against the accused was strong enough. In our view, the logical extension of *Swain* compels the conclusion that reversal is always required. *See, e.g., United States v. Daly,* 716 F.2d 1499, 1507 (9th Cir.1983), *cert. dismissed,* 465 U.S. 1075, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984); *United States v. Brooklier,* 685 F.2d 1208, 1223 (9th Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1194, 75 L.Ed.2d 439 (1983); *United States v. Nell,* 526 F.2d 1223, 1230 (5th Cir.1976).

This same principle has been reiterated most recently in *United States v. Ricks,* 802 F.2d 731 (4th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 650, 93 L.Ed.2d 705 (1986). In that case, eight defendants were convicted by a jury of a variety of narcotic offenses. The Fourth Circuit Court of Appeals, sitting *en banc,* found that a denial of their federal statutory rights under Fed. R.Crim.P. 24(b) to peremptory challenges in the selection of a jury was sufficient to require reversal and a new trial. The Court reasoned that a right to a peremptory strike is of such significance that its impairment constitutes *per se* reversible error and that any restriction of the statutory provision would violate a defendant's Sixth Amendment right to a trial by an impartial jury. Thus, the Court concluded that a showing of prejudice is unnecessary. *See also Rucker,* 557 F.2d at 1046 (refusal to excuse a juror for cause was reversible error despite defendant's use of peremptory challenge, where result was reduction in number of strikes available.)

Similarly, in *United States v. Turner,* 558 F.2d 535 (9th Cir.1977), the impairment of the unrestricted exercise of a peremptory challenge arose in a dispute as to whether the defendant had actually waived his entitlement. The trial court held that he had relinquished his right, but the Court of Appeals disagreed, holding that such challenge had not been waived. The Court held that defendant was improperly denied a peremptory challenge. It reversed the conviction without requiring the defendant to prove bias. *See also, Nell,* 526 F.2d at 1223 (defendant forced to expend two peremptory challenges on persons excusable for cause entitled to new trial); *United States v. Boyd,* 446 F.2d 1267 (5th Cir.1971) (reduction of peremptory challenges to which defendant is entitled results in automatic reversal); *United States v. Alsup,* 566 F.2d 68 (9th Cir.1977) (restricting the exercise of peremptory challenges is presumed prejudicial).

Aside from federal law, at least one Illinois court has also recognized that a denial of peremptory challenges is reversible regardless of proven prejudice. In *People v. Nathaniel,* 59 Ill.Dec. 323, 103 Ill.App.3d 610, 431 N.E.2d 1080 (1981), the right to a peremptory challenge as provided for under Illinois law was contested. The Court noted that generally, where a party has been deprived of the right to exercise all of the entitled challenges when impaneling a jury, reversible error has been committed.

With this review in mind, the Court concludes the following.

### Conclusion

The statutory right to a peremptory challenge is an essential part of a trial by impartial jury. That right cannot be limited or curtailed in any way or it loses its effectiveness. Moreover, a showing of prejudice cannot be required; federal case law dictates such rationale. Consequently, the Court has no choice but to hold that the Illinois trial judge's refusal to grant Petitioner a peremptory challenge for an alternate juror who subsequently served as a member of the jury was an error of constitutional proportion. *A fortiori,* the Illinois

Appellate Court erred in ruling that a denial of a peremptory challenge is harmless where overwhelming evidence exists and the defendant has made no showing of prejudice. This reasoning is simply not consistent with federal case law.

In the case at bar, the trial court admittedly refused to grant Watson his right to a peremptory challenge of an alternate juror, despite defense counsel's specific request for the same. Although the appellate court reasoned that the error was harmless because of the overwhelming evidence of the defendant's guilt, this Court holds that denial of a legislatively-mandated peremptory challenge impairs the Sixth Amendment and is indeed reversible error regardless of a showing of prejudice. Prejudice is presumed!

*Ergo*, Watson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is GRANTED.

Execution of the writ, however, is STAYED on the condition that the State of Illinois grant Petitioner a new trial on the charges resulting in his conviction within a reasonable time not to exceed ninety days, and diligently and without delay prosecute the charges to a final conclusion.

Watson is *not* entitled to an unconditional release; any request to be released on bail pending the outcome of a new trial should be addressed to the discretion of the state courts.

IT IS SO ORDERED.