THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LYNN DEVOE, Defendant-Appellant.

Third District   No. 3—87—0081

Opinion filed December 7, 1987.

Thomas J. Royce, of Chicago, for appellant.

Edward F. Masters, State's Attorney, of Joliet (John X. Breslin, of
State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Lynn Devoe, was tried and convicted *in absentia* for delivery of 30 or more grams of a controlled substance. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a).) He appeals from the court's denial of his motion to vacate the *in absentia* conviction. We affirm.

The defendant was arraigned and pleaded not guilty on December 2, 1982. At that time, he was admonished pursuant to section 113—4(e) of the Code of Criminal Procedure of 1963 (the Code) that if he was released on bond and failed to report in court as required, a trial could proceed in his absence. (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e).) Thereafter, the defendant appeared for each of the first four scheduled trial dates.

On the fifth date, July 9, 1984, however, the defendant failed to appear. He also failed to appear at the July 23 status call. The court ordered bond forfeiture and the defendant was sent, but did not claim, certified mail notice of a scheduled August 29 trial date. On August 29, the defendant's counsel was present; the defendant was absent. The cause was continued to September 20, 1984, without record explanation.

On September 20, the defendant did not appear. The prosecutor stated that he had unsuccessfully attempted to locate the defendant at the Will and Cook County jails and at local hospitals. Based on the prosecutor's statements, the court found that the defendant was voluntarily absent. It held a jury trial *in absentia*. Following a guilty verdict, the court sentenced the defendant to 14 years' imprisonment and a $14,000 fine.

In October of 1986 the defendant was arrested by Chicago police. Thereafter, he filed a motion to vacate his conviction. This appeal is from denial of that motion.

Under section 113—4(e) of the Code, if a defendant pleads not guilty, the court shall advise him that if he is released on bond and fails to make a required court appearance, his failure to appear constitutes waiver of the right to confront witnesses and trial could proceed in his absence. (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e).) Further, under section 115—4.1(a) of the Code, when the defendant fails to appear, the court may set the case for *in absentia* trial. When the date for such trial is set in open court "when the defendant was not personally present," "the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial." Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a).

This court has held that the trial court's failure to comply with

certified mail notice under section 115—4.1 may be harmless, at least in a case where the defendant's counsel was aware of the trial date so that knowledge is imputed to the defendant. (*People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590.) The Fourth District questioned this court's finding of imputed knowledge and then held that the certified mailing procedure of section 115—4.1(a) is mandatory. *People v. Williams* (1987), 151 Ill. App. 3d 1010, 503 N.E.2d 1090; see also *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152.

■ In his first argument on appeal, the defendant asserts that the court failed to give him certified mail notice under section 115—4.1(a) for either of the August 29 or September 28 trial dates. He argues, then, that we should not impute knowledge based upon his counsel's presence in open court at the setting of those trial dates. He relies upon the Fourth District cases *Watson* and *Williams*.

This case is factually distinct both from our *Clark* and from the Fourth District cases of *Watson* and *Williams*. Under these facts, where certified mail notice in compliance with section 115—4.1(a) was sent to the defendant, we need not reconsider *Clark* in light of the Fourth District cases. The record is clear that here proper certified notice was sent as a preliminary to trial *in absentia* on August 29. The court sent the defendant certified mail notice of the August 29 trial setting. Notice was sent to the address on the defendant's bond slip. That the certified mailing was returned unclaimed is of no statutory consequence; section 115—4.1(a) merely requires such notice to be sent.

We are aware of no reason why, after a proper finding of voluntary absence, trial *in absentia* under section 115—4.1 would have been improper on the properly noticed August 29 trial date. Further, we observe that section 115—4.1 does not clearly require repeat certified mail notice for continued trial dates. We find that a reasonable reading of the section comprises no such requirement in this case. Notice under the section was given; and trial *in absentia* properly followed.

■ The defendant's remaining argument on appeal is that he is entitled to a new trial as the State failed to prove that his absence from trial was wilful. Under section 115—4.1(a) of the Code, trial *in absentia* is allowed only where the defendant is wilfully absent from court. (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a).) Prior to holding trial *in absentia*, the State may establish a *prima facia* case that a defendant's absence is wilful by showing that the statutory requirements for trial *in absentia* have been met; more is not required unless the defendant introduces some evidence that he did not act wilfully.

*People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152.

■ With reference to our prior analysis, we note that prior to trial *in absentia,* the record showed both that the defendant had been given statutory admonishment under section 113—4(e) of the Code and that certified mail notice of the trial had been sent in compliance with section 115—4.1(a) of the Code. Further, the prosecutor had indicated to the court that after inquiry he had not located the defendant. The State's *prima facie* evidence of wilful absence was not rebutted, as the defendant presented no evidence.

■ Further, we find no reason to reverse the trial court's post-trial conclusion not to vacate the defendant's conviction. At the hearing on the defendant's motion to vacate, the defendant testified that his absence was justified by his attempt to avoid threats to his life. However, we find no reversible error in the court's conclusion that the defendant did not establish that his failure to appear was both without his fault and due to circumstances beyond his control. See Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e); *People v. Broyld* (1986), 146 Ill. App. 3d 693, 497 N.E.2d 147.

Based on the foregoing, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY, P.J., and WOMBACHER, J., concur.