THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARY L. PORTER, Defendant-Appellant.

Fourth District   No. 4—87—0675

Opinion filed June 9, 1988.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Peter C. Drummond, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On August 20, 1987, the defendant Mary Porter was tried *in absentia* for the offense of theft with a prior theft conviction. She was found guilty by jury and at a sentencing hearing was sentenced to three years in the penitentiary. She filed timely notice of appeal. The issue presented on review is whether the statutory prerequisite to trial *in absentia* was established where the State offered no evidence in support of its burden of "affirmatively proving through substantial evidence that the defendant is wilfully avoiding trial."

A brief review of the proceedings in the trial court is important to the disposition in this case. An information charging the defendant with theft with a prior theft conviction was filed on May 18, 1987. On May 28, 1987, probable cause was found, the defendant entered a plea of not guilty and the cause was allotted for jury trial July 20, 1987, and a pretrial readiness call for July 13, 1987. After the trial readiness call, the cause was set for jury trial for July 30, 1987. On July 30, 1987, the defendant did not appear. Her attorney was present before the court and indicated to the court that his client was not there and that he had driven his car to her house, that she had moved and he did not know where she was. The trial court indicated to the counsel that because of her absence, they would not proceed with the jury trial on that date, July 30, 1987, and that procedures followed by the trial court in similar proceedings required that trial be specially set

for a day called with special notice. On that day, the cause was set for jury trial for August 20, 1987, and the clerk directed to give notice pursuant to section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1). A certified notice sent by the clerk, of the trial setting for August 20, 1987, was returned to the clerk not served.

After the trial *in absentia* had started on August 20, 1987, opening statements had been made, the State had presented its evidence in chief and rested, and the jury had been excused, the court made the following comment outside the presence of the jury:

"Now, another thing, I think it should show clearly that before trial we examined the record closely to see if the proper notice was given by the Clerk, specific and by certified mail, and on checking the record we find that the proper notice was given to have a trial *in absentia*."

The defendant presented no evidence at trial. The jury returned a verdict of guilty. The defendant filed a motion for new trial alleging, among other things, that the court erred in conducting a trial *in absentia*. The defendant was present at the hearing on the motion. The motion was denied.

This appeal concerns section 115—4.1 (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1). There are two important parts of subsection (a) of section 115—4.1. That subsection provides in part as follows:

"When a defendant after arrest and an initial court appearance for a non-capital felony, fails to appear for trial, at the request of the State and after the State has *affirmatively proven through substantial evidence* that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. *** The court may set the case for a trial which may be conducted under this Section despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was set for trial." (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1.)

The trial court in its review of the proceedings indicated that the records show the defendant was present at the time the cause was set for trial for July 30, 1987.

■ It is important to note what we are not deciding in this case.

We are not deciding whether the court could proceed with a jury trial *in absentia* on July 30, 1987. As the defendant argues, on that date, July 30, 1987, the State did have the responsibility or it could be argued that it had the responsibility to affirmatively show through substantial evidence that the defendant was wilfully avoiding trial. The trial court, however, did not proceed with the jury trial on that date, but gave the defendant an additional opportunity to be present at a jury trial by setting the trial for a specific date and directing the clerk to give further notice to the defendant pursuant to section 115–4.1(a). This procedure was entirely proper and was an additional safeguard to the defendant and her right to be present for trial. The parties argue *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152. The State argues that the situation in *Watson* was similar, and the defendant argues that *Watson* should not determine the issue here. *Watson* is dissimilar, in that the defendant was not present at the pretrial setting and the trial was conducted on the day set at the pretrial, January 11, 1982. In *Watson*, this court stated:

> "[W]e hold that a *prima facie* case is established by showing that the statutory requirements have been complied with. Only if the defendant introduces some evidence that he did not act wilfully should more be required of the State." *Watson*, 109 Ill. App. 3d at 883, 441 N.E.2d at 154.

In this case, there is no need to discuss the *prima facie* showing by the State's Attorney. This is so because the defendant did not appear for jury trial on July 30, 1987, the trial court did not proceed with the jury trial at that time but gave the benefit to the defendant, ordered additional notice be given pursuant to the statute, and a specific date be set for jury trial. The procedure followed by the trial court eliminates any necessity for the State's Attorney to affirmatively prove by substantial evidence that the defendant is wilfully avoiding trial. (Ill. Rev. Stat. 1987, ch. 38, par. 115–4.1(a).) The procedure followed by the trial court is entirely appropriate and is commended.

■ Section 115–4.1(e) provides that if a defendant, who in his absence, has been either convicted or sentenced or both convicted and sentenced, appears before the court, he must be granted a new trial or a new sentencing hearing if he can establish that his failure to appear in court is both without his fault and due to circumstances beyond his control. The defendant did not, pursuant to this section, in her motion for a new trial offer any explanation for her failure to appear for the jury trial which began on August 20, 1987, nor did she give any explanation of her failure to appear at the original trial set-

ting of July 30, 1987. As stated above, there is no merit in her contention.

The judgment of the trial court is affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.