**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50329 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-01156-FMO-1 |
| v. | |
| DENIS AVILES SALGUERO, AKA Alfredo Aviles-Salguero, AKA Denis Alfredo Aviles-Salguero, AKA Demonios13_6, AKA Aviles Salguero Dennis, AKA Davis A. Aviles Salguero, AKA Denis A. Salguero, AKA Denis Alfredo Aviles Salguero, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted August 28, 2018
Pasadena, California

Before: BYBEE and WATFORD, Circuit Judges, and HERNANDEZ,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

Denis Aviles Salguero appeals from his convictions for distribution, receipt, and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), (a)(5)(B), (b)(2). We affirm, but remand to correct the judgment.

**1.** Salguero argues that the district court erred in seating four jurors—Jurors 7, 12, 16, and 21—who indicated that they had trouble speaking, reading, writing, or understanding English. Juror 7 was not in fact seated on the jury; for reasons not disclosed in the record, she was absent on the second day of *voir dire* when the jury was empaneled, and another juror took her place. Jurors 12 and 16 were seated without objection. The district court's decision not to excuse those jurors for cause was not plain error, as each engaged in colloquies with the court and indicated their ability to sufficiently understand English. Salguero requested that Juror 21 be excused for cause, but the district court did not abuse its discretion in declining that request. The transcript reflects that Juror 21 was able to understand and answer questions in English, and does not provide a basis to conclude that the court erred in determining that he was qualified to serve. *See People of Territory of Guam v. Palomo*, 511 F.2d 255, 258–59 (9th Cir. 1975).

**2.** Next, Salguero argues that the district court's conducting a portion of *voir dire* at sidebar violated his right to be present under Federal Rule of Criminal Procedure 43 and the Fifth Amendment, as well as his right to a public trial under the Sixth Amendment. Because Salguero failed to object to his absence from the

sidebar, we review only for plain error. *See United States v. Rivera*, 682 F.3d 1223, 1232 (9th Cir. 2012) (public trial right is forfeited if not asserted in a timely fashion); *United States v. Sherwood*, 98 F.3d 402, 407 (9th Cir. 1996) (right to be present is forfeited where defendant failed to indicate that he wished to be present during sidebar *voir dire*); *see also United States v. Olano*, 507 U.S. 725, 731–32 (1993) (plain error review applies where defendant forfeits a claim by failing to raise it in a timely manner). Even assuming the sidebar amounted to a violation, there was no plain error. The court placed no restrictions on Salguero's ability to confer with counsel, and Salguero does not allege that his presence would in any way have affected the composition of the jury. *See United States v. Reyes*, 764 F.3d 1184, 1192–93 (9th Cir. 2014); *United States v. Fontenot*, 14 F.3d 1364, 1369–70 (9th Cir. 1994).

**3.** The district court did not err in ending the peremptory strike process after the prosecution and the defense passed on their turns in succession. In *United States v. Turner*, 558 F.2d 535 (9th Cir. 1977), we explained that the district court's broad discretion in setting the procedure for peremptory challenges is subject to two limitations. First, "the defendant must be given adequate notice of the system to be used," and second, that system "must not unduly restrict the defendant's use of his challenges." *Id.* at 538. Neither limitation was violated here. The district court explained in advance that if both parties passed on their

turns in succession, no further strikes would be allowed.  That procedure did not unduly restrict Salguero's use of his challenges, because no jurors were added to the panel whom Salguero did not have a chance to strike.  *See id.* ("Our holding does not prevent a district judge from forbidding a challenge to any juror who was a member of the panel at the time the jury was accepted."); *see also United States v. Yepiz*, 685 F.3d 840, 846 (9th Cir. 2012).

**4.**  Salguero's convictions for receipt and possession of child pornography do not violate the Double Jeopardy Clause of the Fifth Amendment.  Possession of child pornography is a lesser included offense of receipt of child pornography, *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008), but double jeopardy is not implicated where separate conduct underlies each offense, *United States v. Johnston*, 789 F.3d 934, 938 (9th Cir. 2015).  "If the government wishes to charge a defendant with both receipt and possession of [child pornography] based on separate conduct, it must distinctly set forth each medium forming the basis of the separate counts." *United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008).  The indictment in this case specified that Count 18—the receipt charge—was based on material received into Salguero's email inbox, while Count 19—the possession charge—was based on material possessed in a particular file folder on Salguero's hard drive that he had downloaded from an online chat platform.  Accordingly, the government presented separate evidence, corresponding to the appropriate

medium, to support each charge. Even if some of the same images were found in Salguero's email and on his hard drive, the evidence makes clear that the images Salguero affirmatively downloaded to his hard drive were separate from the images he received as email attachments.

**5.** Finally, we note that the judgment states that the conviction on Count 18 was for possession of child pornography, when in fact that count charged receipt. We remand to the district court with instructions to correct the judgment to reflect that the conviction on Count 18 was for receipt of child pornography, not possession. *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding *sua sponte* to correct the judgment).

**AFFIRMED; REMANDED** solely to correct the judgment.