# THE CITY OF BLOOMINGTON

*v.*

## HENRY HEILAND.

1. ATTORNEY AT LAW—*authority to dispose of his client's money.* A party who was arrested by a policeman for an alleged violation of an ordinance of a city, had upon his person a sum of money, which was taken from him by the officer, and a part of it placed in the hands of the city attorney. Upon being brought before the police magistrate, the cause was postponed at the instance of the prosecution, the magistrate taking the verbal promise of the accused to appear at the time appointed, which he failed to do; whereupon the attorney employed in the defense directed the money of his client, which was in the hands of the city attorney, to be paid into the city treasury: *Held,* in an action by the owner against the city to recover his money, that the attorney had no authority, merely because he was retained in the defense, to direct any such appropriation of money belonging to his client, nor had the city any right to retain it.

2. PAROL RECOGNIZANCE—*not binding.* The mere verbal promise of the accused to appear for trial, was not legally binding upon him. A parol recognizance has no validity.

3. PRACTICE—*presence of accused not necessary on trial for breach of ordinance or misdemeanor.* If a party is legally arrested for a misdemeanor or breach of an ordinance, though without a warrant, and notified of the hour of trial, his presence at the trial is not indispensable, but he may be tried in his absence.

4. SAME—*special verdict—submitting questions to be found specially.* The practice of propounding special questions to the jury is authorized by sec. 51 of the Practice Act of 1872, but it is discretionary with the court whether it will do so or not.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of assumpsit, brought by Henry Heiland against the city of Bloomington. The declaration contained the common counts only. The facts of the case are stated in the opinion of the court. The plaintiff recovered, and the defendant appealed.

Mr. IRA J. BLOOMFIELD, for the appellant.

Messrs. HUGHES & McCART, and Messrs. STEVENSON & EWING, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the McLean circuit court, on the common counts, brought by Henry Heiland against the city of Bloomington, resulting in a verdict for the plaintiff, on which the court rendered judgment. To reverse this judgment the defendant appeals.

That there are three hundred dollars of the money of the plaintiff in the city treasury is not denied; the question is, has the city, under the facts of the case, a right to retain it.

The facts, briefly stated, are, that plaintiff, a stranger, and a German, ignorant of our language, was arrested on the Saturday night of the sixth of July, 1872, by a policeman, for an alleged violation of a city ordinance, but without any warrant. He was taken to the calaboose and detained over Sunday, and, while so in confinement and under duress, the policeman took from the prisoner his money, amounting to six hundred and ninety-two dollars, three hundred dollars of which the policeman paid over to the city attorney, and he to the city treasury; of the balance he made a special deposit in the bank.

The city claims the right to retain this three hundred dollars, on these grounds: On Monday following the event, the accused was brought before the police magistrate. The prosecution not being ready to proceed with the trial, on account of the absence of the policeman, the magistrate took what was deemed the recogizance of the prisoner in the sum of three hundred dollars, to appear at two o'clock in the afternoon, and released him. No recognizance, such as required by law, was taken, no bond being entered into, nor was any entered on the minutes of the police magistrate. It was the mere verbal promise of the accused to be present at that hour. When the hour arrived the accused was called, but came not; whereupon the policeman who had taken possession of the money, doubtless acting under the direction of the attorney of the accused, paid to the city attorney three hundred dollars, and he paid it into the city treasury.

It is clear, from the proof, the attorney of the accused had no authority from his principal to cause his money to take this course. He was not employed for any such purpose. The accused was under no legal obligation to appear, and incurred no legal liability for failing to appear; and, for the purpose of a trial, if the accused was legally arrested, his appearance at the trial was not indispensable. For a mere misdemeanor, as was the offense charged, he could have been tried in his absence; and if he was found guilty, and judgment rendered against him, an execution could have been issued and levied on the money, if the parol undertaking to appear was of any binding force. But it was not of any binding force; yet, under these proceedings, of no validity, the accused was deprived of his money, and now asks the city to restore it to him. This demand, as we view the testimony and the law, is a just demand, and must be accorded to him.

It is complained by appellant that the court refused to give two instructions asked by them, the first of which was substantially embraced in other instructions given, and the second is not the law, a parol recognizance having no validity.

It is also complained that the court refused to submit these questions specially to the jury, propounded by the defendant:

*First*—Was the money in question paid over to the city by the free and voluntary direction of the plaintiff's attorney?

*Second*—Was Wm. Shackelford authorized by Heiland to act for him in relation to his defense before the police court?

This practice of propounding special questions to the jury is authorized by section 51 of the Practice Act, approved February 22, 1872. It is, however, discretionary with the court, and it might well refuse the first, as it was of no importance, if the attorney had directed it, as he had no authority to give such direction; and as to the second, an authority to act in defense of an accused party confers no authority to appropriate his money, and it would have answered no good purpose had the jury returned special answers to these questions.

It is apparent, from the record, that the city has the money of appellee which, *ex equo et bono*, they ought not to retain, and the verdict and judgment are right.

The judgment must be affirmed.

*Judgment affirmed.*