THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SILAS POWELL, Defendant-Appellant.

Fourth District    No. 16429

Opinion filed April 9, 1981.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

A jury in the circuit court of Sangamon County found the defendant and his codefendant, O'Neill, guilty of the offense of burglary in violation of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 19—1). Defendant was sentenced to 6 years' imprisonment.

On appeal defendant raises no questions of reasonable doubt and therefore an extended recitation of the evidence is unnecessary. In brief, it showed that defendant and O'Neill were apprehended inside a market in Springfield after the store had closed and that O'Neill was in possession of a paper sack containing cartons of cigarettes. Defendant came from the back room of the market, which was found to be in disarray. O'Neill testified that defendant had asked him to participate in the offense but that he did not want to help defendant and went to the market only in an attempt to dissuade defendant from his criminal purpose.

The unusual aspect of defendant's trial was that it was conducted in his absence pursuant to the provisions of section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1). One of the defendant's principal contentions is the unconstitutionality of that statute and alternatively its unconstitutional application to his case. Subsection (a) of section 115—4.1 reads in part:

"When a defendant after arraignment on an indictment or information charging him with a noncapital felony, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. Trial in the defendant's absence shall be by jury unless the defendant had previously waived trial by jury. The absent defendant must be represented by retained or ap-

pointed counsel. * * * All procedural rights guaranteed by the United States Constitution, Constitution of the State of Illinois, statutes of the State of Illinois, and rules of court shall apply to the proceedings the same as if the defendant were present in court and had not either forfeited his bail bond or escaped from custody." Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1(a).

The record discloses that the defendant had been arraigned on the charge and that at that time was admonished by the trial court of the possibility of a trial in his absence as provided by section 113—4(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 113—4(d)). He was represented throughout the trial by appointed counsel.

For centuries, western law has abhorred a trial *in absentia*. The trials of Socrates, Jesus, and Galileo have marked some of the blackest days in human history, but even in these the tyrants conducting them took the precaution of having the accused present. The true trial *in absentia*, that is, one in which the defendant has not been present at any stage of the proceedings, is fairly rare, and when it does occur, it is universally condemned.

■■ ■ However, various exceptions to the rule have arisen, so that its absolutist character no longer exists. In Illinois, if the offense be only a misdemeanor or violation of an ordinance, the defendant may be tried in his absence. (*City of Bloomington v. Heiland* (1873), 67 Ill. 278, 280.) More significantly, a voluntary absence from the trial by the defendant constitutes a waiver of his right to be present. *People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634; C.J.S. *Criminal Law* §975 (1961).

The predecessor to section 115—4.1 (Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1) essentially incorporated the waiver theory. It provided, in substance, that if a defendant wilfully absented himself from trial for a period of two days after the trial commenced, the court might proceed. In his brief, defendant here concedes that such a waiver would be valid. We find the present statute consistent with, and a logical extension of, prior decisions. By its very terms it avoids the problems raised in prior cases.

In *People v. Evans* (1961), 21 Ill. 2d 403, 172 N.E.2d 799, the court was primarily concerned with the fact that the defendant may never have known of the date of his trial. The current statute provides that it may not be invoked until after arraignment, at which time the trial date is ordinarily set. In *Davis*, the court based its decision on *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, the right to counsel.

Moreover, unlike its predecessor, the current statute places the burden of proof on the State to establish the wilful absence of the de-

fendant. Since under the decided cases such absence constitutes a waiver, we fail to see any qualitative difference in that waiver whether made during or before trial. The statute is facially constitutional.

Defendant argues that even assuming the constitutionality of the statute, its application to his case was defective in that (1) there is insufficient evidence that he understood the admonition of the court, and (2) the State failed to present substantial evidence to prove he was avoiding trial.

As to the first contention: Defendant made a first appearance on December 31, 1979, at which time he was furnished with a copy of the information, counsel was appointed for him, and bond was fixed. A preliminary hearing and arraignment was held on January 10, 1980. The record reflects that at this hearing the trial court stated to the defendant:

> "Mr. Powell, at this time the Court informs you that if you fail to appear when this case is set for trial—in other words, if you fail to appear for trial, the State can prosecute you or proceed on the trial in your absence, which means you would waive the right to confront witnesses against you or cross examine those witnesses.
>
>            \* \* \*
>
> Set the trial with jury the week of February 25th, 1980."

■■ Defendant's argument appears to be that since the record does not reflect a positive statement on his part at this hearing that he understood the court's admonition, it is insufficient. We disagree. The admonition was given under section 113—4(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 113—4(d)) and is in substantial compliance with that section. It differs from its immediate neighbor, section 113—4(c), which requires the court to explain fully the consequences of a plea of guilty. We know of no authority which demands a positive showing of understanding of the consequences of trial *in absentia* under section 113—4(d). The defendant was present and raised no questions; his counsel was present and raised no questions; the admonition was sufficient.

As to the second contention: The case was called for trial on April 14, 1980, the defendant having been released on bond in the meanwhile. The State's Attorney represented to the court that the Springfield police department had been unable to locate the defendant and that there was a warrant out for his arrest on other offenses, including armed robbery, attempt (murder), and home invasion. He moved the court to proceed with the trial in the absence of the defendant. The court reporter who took the preliminary hearing and arraignment was then called as a People's witness and from his notes read the court's admonition set forth above. Defendant's counsel objected to proceeding to trial, but represented to the court that his client knew of the trial date.

■■ Defendant's principal contention is that no "evidence" was offered, only the representation of counsel; he suggests that police officers might have been called to testify, but there is no indication that their testimony would be any different from the representation of the State's Attorney. The statute is permissive; the trial court "may" commence trial in the absence of the defendant. The record discloses that the trial court heard extended argument on the matter and then determined to proceed. While we believe that the testimony would be preferable, we cannot say as a matter of law that he abused his discretion. The statute places the burden on the State to prove a negative and in such a logical dilemma wide latitude must be afforded the trial court.

It is axiomatic that the ruling on the motion to proceed must be viewed from the perspective of April 14, 1980. However, later proceedings corroborate the court's decision. The defendant was later apprehended and testified at his motion for new trial. Defense counsel represented to the court that he considered the hearing to be one pursuant to section 115—4.1(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1(e)) which, in substance, affords the defendant an opportunity to explain his absence and requires a new trial if he can establish that the absence was without his fault.

At that hearing the defendant testified that he was present in Sangamon County on the date of trial; that someone told him that the "Sangamon County Police" had been ordered to kill him on sight; that he knew of the warrant for attempt (murder), armed robbery and home invasion; that he knew his trial was to start on the date certain; and that he had gone to California while released on bond. In ruling on the matter the trial court announced:

> "The Court finds that the defendant, Silas Powell, knew of his trial and willfully abstained from being present at his trial and so that it was his decision to stay away from the trial itself."

Defendant's argument that the statute was unconstitutionally applied to him is without merit.

■■ Defendant's next contention is that he was deprived of his right to a bench trial. Defense counsel moved for such a trial immediately upon the allowance of the State's motion to proceed *in absentia*. Undoubtedly any defendant has a right to a bench trial, but he must first waive his right to jury trial. Section 115—4.1(a) mandates the jury trial. A waiver by counsel has been found effective (*People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762; *People v. Thompson* (1976), 38 Ill. App. 3d 101, 347 N.E.2d 481), but only in the presence of the defendant himself, and a personal waiver by the defendant himself is the "preferred" procedure (*Murrell*). Obviously, with the defendant absent in the instant case, there could be no valid waiver.

Defendant's penultimate issue is that of severance. He contends that the defenses of O'Neill and himself were so antagonistic as to require severance and states that he did not receive O'Neill's answer to discovery until the morning of trial. Thus, he argues, he was in no position to assess the possibility of antagonism until that time. As has already been indicated, the case had been pending since arraignment on January 10, and the trial began on April 14, 1980. Why the antagonism was not discovered during that period is unexplained.

Subsequent to selection and swearing of the jury but prior to opening arguments, defense counsel for both Powell and O'Neill orally moved the court to sever the cases. The motion was denied. On the second morning of trial defense counsel for both defendants again orally moved the court for severance of the cases. The motion was again denied.

As this court noted in *People v. Jones* (1980), 81 Ill. App. 3d 724, 401 N.E.2d 1325, there is no hard and fast rule as to when severance should occur in a criminal case, and each situation should be judged on its own facts. In the instant case, the defense counsel moved for a severance after the jury had been selected and sworn and jeopardy had attached. The motion for severance was renewed the second day of trial. It has been long established that to obtain a severance, or to preserve the issue for appeal, a defendant must demonstrate prior to trial how he would be prejudiced by a joint trial. *People v. Rhodes* (1969), 41 Ill. 2d 494, 244 N.E.2d 145.

There were no written petitions submitted to the court to sever the trial, but we concluded in *Jones* that the court may also consider representation of counsel made at the hearing on the motion.

The defendant contends that the defenses of the codefendants were clearly antagonistic and therefore the motion for severance should have been granted. In *People v. Yonder* (1969), 44 Ill. 2d 376, 386, 256 N.E.2d 321, the supreme court held that a defendant is entitled to a severance not as a matter of right, but only upon making a clear showing that a codefendant will rely on a defense which is "so antagonistic that a fair trial can be had only by severance." Equally clear from the *Yonder* opinion is that a reviewing court will judge the trial court's severance ruling on the basis of the sufficiency of the showing of antagonism in the petition requesting the severance and will not consider what subsequently happened during the course of trial. In *Yonder,* a mere apprehension of antagonism was held to be insufficient to support a petition for severance. Clearly a motion for severance on the second day of trial was untimely. We also conclude that the oral motion for severance after selection and swearing of the jury would also be untimely, except that the record reveals that the defense counsel attempted to raise the motion prior to the selection of the jury but for some reason the trial judge wanted the jury selected first. The

issue then is whether the defense counsel made a sufficient showing of antagonism in their representation to the court to support their motion for severance. We hold the defendants did not make such a showing of antagonism to the trial court to support their motion.

■■ When the motion for severance was originally raised, the defense counsel for Powell represented to the court that O'Neill would give inculpatory testimony against his client. Powell's attorney did not state to the court what that testimony would be. O'Neill's counsel then hesitated to disclose any trial strategy at that time, and only after prodding and questioning from the trial judge did he reveal anything that his client might say. It is apparent from the record that defense counsel hedged on his answers to the court.

The following morning, prior to O'Neill taking the stand, both defense counsel were very specific in outlining to the trial judge what the antagonistic testimony of O'Neill would be. As it turned out, the defenses of the two were clearly antagonistic. However, defense counsel cannot have it both ways. In order to gain the severance, defense counsel should have disclosed the damaging testimony to the trial court at the earliest opportunity. As the granting of a severance is within the sound discretion of the trial court, we cannot say that the trial court abused its discretion with what it had to consider prior to trial. We will look only to the representations made by the defense counsel and not what happened subsequently during the course of the trial.

■■ Defendant's final contention is that he was denied a fair trial by reason of a reference by O'Neill's counsel to his absence. This occurred during opening statements and is as follows:

> "He will testify, I believe, that the time he entered that premises he entered there—maybe he had been drinking, maybe not the smartest thing in the world, but that he entered at that time to convince Mr. Powell not to go ahead with his plan and that that is the explanation and I think that the evidence will show the only logical explanation for the 30 second delay in him coming in and I think that's what his testimony will be and I think that at the end we will ask you to find Mr. O'Neill who is here today—* * *."

An objection was made by the defendant's attorney to the reference that his client was not present and the objection was sustained. The trial judge instructed the jury not to give any weight to the statement whether someone was present in court or not. The defendant's attorney moved for a mistrial, and that motion was denied.

Obviously, one of the hazards in trying the defendant *in absentia* is what prejudice or impact, if any, it will have on the jury in their determination of his guilt or innocence. This problem will become accentuated where there is a codefendant and especially where there is reference by

that codefendant to the absence of the other party. This problem becomes even more acute when there are antagonistic defenses between the defendants and one defendant is asking the jury to find him innocent and the other defendant, by implication, guilty.

As is the case with all such irruptions in the course of a trial, the trial judge is in the best position to assess prejudice and we cannot say that his ruling here was improper.

The defendant's conviction is affirmed.

Affirmed.

GREEN and MILLS, JJ., concur.