THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH MUIR, Defendant-Appellant.

Third District No. 81—631

Opinion filed April 14, 1983.

Carl W. Telford, of Law Offices of Telford and Driver, of La Salle, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Kenneth Muir, and a codefendant, Grace Wilson, not a party to this appeal, were indicted in the circuit court of Will County for theft by deception. The defendants were tried jointly, Muir receiving a jury trial and Wilson receiving a bench trial. Both defend-

ants were convicted and Muir was subsequently sentenced *in absentia* to three years in the Illinois Department of Corrections. Muir has now appealed his conviction and sentence.

On December 5, 1979, the defendants were charged by indictment with two counts of theft by deception, a Class 3 felony pursuant to section 16—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(b)). Count I of the indictment charged that the defendants knowingly obtained by deception United States currency valued at more than $150, property of Bee Newspaper, Inc., with the intent to permanently deprive the owner of the use and benefit of said property. Count II of the indictment charged that the defendants knowingly obtained control by deception of Bee Newspapers valued at more than $150, property of Bee Newspaper, Inc., utilizing said property in such a manner as to permanently deprive the owner of the property's benefit.

At trial, the testimony revealed that in August 1978, Lee Crittenden, president and general manager of Bee Newspaper, Inc., contracted with the defendants to utilize their delivery service in distributing Bee Newspapers in households in various areas.

Several of the defendants' employees who assisted in the newspaper delivery testified that on various occasions throughout the latter half of 1978 and during 1979 more than two-thirds of the Bee Newspapers received by the defendants were not delivered. The defendants were compensated by Bee Newspaper, Inc., for their delivery services at the rate of four cents per newspaper, receiving from 10 to 15 thousand copies for delivery weekly.

The employees stated that the undelivered newspapers were occasionally sold to a paper yard and stacks of the newspapers had been observed in a dumpster at Grace Wilson's residence. Business records from the paper yard indicated that on numerous occasions the defendants sold large quantities of paper to the yard under various aliases. During this time, Mr. Crittenden stated that the defendants assured him and his wife that delivery was going well.

Kenneth Muir testified that he seldom picked up Bee Newspapers for delivery and rarely spoke with Mrs. Crittenden. He also claimed that there was no delivery problem until January of 1979. At that time, Muir informed Bee Newspaper, Inc., of the problem and part of his compensation was withheld. As for the use of the dumpster, Muir stated that the dumpster was utilized to dispose of Monroe catalogs, Monroe being another of the defendants' clients.

In addition, Muir and his brother James Muir testified that James had subcontracted to deliver Bee Newspapers employing an extensive

crew of workers who assisted him in his delivery of between 5,000 to 8,000 Bee Newspapers per week.

The jury returned a verdict with respect to Kenneth of guilty on both counts of theft by deception, as did the trial court with reference to Grace Wilson. Subsequently, the court vacated the guilty verdicts with respect to count II of the indictment. Grace Wilson was sentenced to 30 months' probation and ordered to pay $5,000 in restitution. Kenneth Muir was sentenced *in absentia* to three years in the Illinois Department of Corrections after voluntarily absenting himself from the jurisdiction of the trial court. No post-trial motions were filed.

Before reaching the issues of error alleged by the defendant, Kenneth Muir, to have occurred at trial, we shall deal with the State's assertion that this court does not have jurisdiction to determine the merits of the defendant's appeal.

The State contends that a case may not be taken to a reviewing court until a final judgment has been rendered on the merits including the imposition of a definite and certain sentence. In the case at hand, the defendant was sentenced *in absentia* and, therefore, pursuant to section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1), he may be entitled to a new sentencing hearing upon application to the trial court if he can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. The State concludes the relief created by the statute precludes the defendant's conviction and sentence from being considered a final and appealable judgment.

None of the case law cited as authority by the State in support of its jurisdictional argument indicates that the right to request a new sentencing hearing by a defendant sentenced *in absentia* affects the finality of his judgment of conviction or imposition of sentence. *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371; *People v. Wasilewski* (1978), 66 Ill. App. 3d 1, 383 N.E.2d 31; *People v. Culhane* (1975), 34 Ill. App. 3d 158, 340 N.E.2d 63.

The defendant has never requested a new sentencing hearing in the trial court and has elected to pursue his right of appeal in this respect, thereby waiving any right to request a new sentencing hearing under section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1). This court, therefore, has jurisdiction to determine the merits of the defendant's appeal.

The defendant claims that a number of errors were committed by the trial court which should result in the reversal of the defendant's conviction and a remand of the case for a new trial. These alleged er-

rors include: (1) the admission into evidence of certain receipts for paper received by the FSC Paper Corporation, the paper yard which testimony revealed purchased Bee Newspapers from both of the defendants, Muir and Wilson, said admission being a violation of the hearsay rule and not within the business records exception; (2) the admission into evidence of the testimony of Clyde Ruble, a Bolingbrook, Illinois, police officer, indicating that he had only received the Bee Newspaper on one occasion at his home in Bolingbrook during the period of its distribution, said testimony being irrelevant and prejudicial; (3) the admission into evidence of various statements made by the codefendant, Wilson, said statements being hearsay and not within the co-conspirator exception; (4) the giving of Illinois Pattern Jury Instructions, Criminal, No. 3.14 requiring the jury to consider any evidence of other crimes committed by the defendant for the limited purpose for which it was received, no evidence of other crimes having been presented at trial; and (5) the trial court's failure to adequately explain said instruction to the jury at their request. In addition, the defendant argues that his conviction should be reversed because there was insufficient evidence to establish a *prima facie* case of theft by deception against him.

Alternatively, the defendant requests that this cause be remanded for a new sentencing hearing because the trial court erred in sentencing him to three years in the Department of Corrections, said sentence being grossly disproportionate and an abuse of discretion.

Failure to preserve an alleged error in a defendant's post-trial motion waives consideration of the issue on appeal even though an objection was made during trial. (*People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027; *People v. Brabson* (1977), 54 Ill. App. 3d 134, 369 N.E.2d 346.) However, if the error rises to the level of plain error, such error shall be considered by the reviewing court despite the defendant's failure to record his objection and preserve the record for review. *People v. Baynes* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070.

■ Defendant Muir did not file a post-trial motion thereby failing to preserve for our review the errors he alleges occurred during trial. Furthermore, upon a review of the record, we find that these errors when considered either individually or collectively would not rise to the level of plain error. None of the cited errors would either result in a serious injustice being done to the defendant or injure the integrity or reputation of the judicial process, thereby depriving the defendant of a fair trial. *People v. Baynes* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070.

In considering the sufficiency of the evidence against the defend-

ant, the law states that a jury's verdict will not be set aside by a reviewing court unless the evidence is so palpably contrary to the verdict or so unsatisfactory as to raise a reasonable doubt of the defendant's guilt. (*People v. Seiber* (1971), 76 Ill. App. 3d 9, 394 N.E.2d 1044; *People v. Henderson* (1976), 39 Ill. App. 3d 502, 348 N.E.2d 854.) The evidence in this case when viewed in its entirety is not closely balanced; the great weight of it is against the defendant and establishes his guilt beyond a reasonable doubt.

Therefore, because of the defendant's failure to preserve the record for our review and the weight of evidence establishing his guilt beyond a reasonable doubt, we find that the defendant's conviction should be upheld.

■■ As for the defendant's request for a new sentencing hearing, we see no merit in his argument. The trial court's decision in regard to sentencing is entitled to great deference and should not be altered unless a clear abuse of discretion can be shown. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The record supports the trial court's conclusion that defendant Muir was the primary force responsible for the criminal activity involved in this case. In addition, the defendant's voluntary absence from the sentencing hearing prevented the court from considering any factors in mitigation which might have otherwise been proffered by the defendant.

Accordingly, we affirm the judgment of the circuit court of Will County with respect to the defendant, Kenneth Muir.

Judgment affirmed.

BARRY, P.J., and ALLOY, J., concur.