Dennis MARCUM, Appellant (Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 34A02–8610–CR–386.

Court of Appeals of Indiana, Second District.

July 7, 1987.

er of chiropractic holding a license under I.C. § 25–22.5."

Charles H. Scruggs, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Defendant-appellant Dennis Marcum (Marcum) appeals his conviction of battery,[1] a class A misdemeanor, claiming it was error to deny Marcum his right to a jury trial, and that the trial judge erred in refusing to disqualify herself from hearing the case.

We reverse.

## FACTS

The facts most favorable to the judgment reveal that on February 1, 1985, Marcum appeared for initial hearing and requested a jury trial. On that date, the trial court set the case for jury trial on April 4, 1985. Several continuances of the jury trial date were requested by Marcum and the State. On January 28, 1986, the trial court again continued the jury trial date to March 13, 1986, at Marcum's request. The trial court also set the matter for pretrial conference on March 5, 1986, which neither Marcum nor his counsel attended. When Marcum appeared prepared for jury trial on March 13, 1986, the trial court, over Marcum's objections, proceeded to try and convict him without a jury.

## ISSUE

Because we reverse, we need only address the following issue:

Whether the trial court erred in denying Marcum his right to a jury trial?

1. Ind.Code 35–42–2–1 (1982).

## DECISION

CONCLUSION—The trial court erred in denying Marcum the right to be tried by a jury.

We initially observe that the State has confessed error and requests this cause be remanded for a new trial. The Attorney General's admission of error does not relieve us of our obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required. *See Myers v. State* (1954), 233 Ind. 66, 116 N.E.2d 839; *Green v. State* (1953), 232 Ind. 596, 115 N.E.2d 211.

The right to a jury trial is an essential element of a defendant's right to due process. *Williams v. State* (1974), 159 Ind.App. 470, 307 N.E.2d 880, *trans. denied;* U.S. *Const.* amend. VI; Ind. *Const.* art. I, § 13. While this right may be waived, it must be made by the defendant in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and consequences. *Woodson v. State* (1986), Ind., 501 N.E.2d 409. It is also true that the defendant must personally waive a trial by jury and the record must directly reflect that waiver. *Brown v. State* (1986), Ind., 495 N.E.2d 178; *Doughty v. State* (1984), Ind., 470 N.E.2d 69.

There is no indication in the record that Marcum waived this right. Au contraire, following Marcum's initial jury trial request, the trial court granted several continuances, and consistently rescheduled Marcum's case as a jury trial. *Record* at 3–4. On October 22, 1985, Marcum's counsel notified the trial court in writing by a copy of a letter he wrote to the deputy prosecutor again setting out Marcum's demand for a jury trial. *Record* at 18. When Marcum appeared for his jury trial on March 13, 1986, the trial court compelled him to be tried by the bench solely because Marcum failed to attend the March 5 pretrial conference. *Record* at 45, 47, 48. Because the record fails to demonstrate Marcum's personal waiver of his right to be tried by a jury, his failure to attend the

March 5 pretrial conference did not in itself constitute a knowing, intelligent, and voluntary waiver of that right. *See Woodson, supra; Brown, supra.*

The judgment is reversed and the trial court is ordered to grant a new trial.

SHIELDS, P.J., and MILLER, J., concur.