■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CANNADY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered March 18, 1985, convicting him of reckless endangerment in the first degree, unauthorized use of a vehicle and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after a high-speed, police chase which ended after the car the defendant was driving went through a red light and a stop sign and collided with another car and a police vehicle.

The defendant contends that he was deprived of a fair trial because the trial court replaced a seated juror with the first alternate. In the presence of counsel, the trial court conducted an in camera inquiry of the seated juror and a member of the jury pool. The inquiry established that the sworn juror had discussed her views of police brutality and police conduct in stopping motorists with unsworn members of the jury pool

after she had withheld those views from the court and the lawyers on voir dire, despite the trial court's instruction that she not discuss the case with anyone. In addition, the inquiry established that the juror had said that she would not apprise the trial court of her views, but would withhold her views until she needed them. Although the sworn juror stated that she believed she could be impartial and she denied that she was withholding the information, the court found that the juror's conduct and evasive demeanor indicated otherwise and found that she had "engaged in misconduct of a substantial nature" *(see,* CPL 270.35).

We conclude that the trial court did not abuse its discretion in replacing the seated juror with the first alternate. We agree that the juror "engaged in substantial misconduct". The juror's conduct makes it obvious that she would have been unable to make a fair and impartial assessment of the police testimony which was pivotal in this case *(see, People v Buford,* 69 NY2d 290; *People v Sellers,* 73 AD2d 697; *People v Phillips,* 87 Misc 2d 613, *affd* 52 AD2d 758, *lv denied* 39 NY2d 949). Moreover, the court was not bound by the seated juror's denial that she had said she would withhold the information until she needed it, in view of conflicting evidence that she had made the statement *(see, People v Russell,* 112 AD2d 451, 452-453). Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.