THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONALD COPPAGE, Defendant-Appellant.

First District (1st Division)   No. 1—87—1251

Opinion filed August 14, 1989.

438

Randolph N. Stone, Public Defender, of Chicago (Karen A. Popek, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Maureen A. Harton, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendant was tried *in absentia* in a bench trial and found guilty of burglary. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a).) He was then sentenced to two years' probation. He now appeals contending that his conviction should be reversed and a new trial ordered because he was not properly admonished in accordance with section 113—4(e) of the Code of Criminal Procedure of 1963 (hereafter Code) (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e)); he was never notified of the new trial date by certified mail as required by section 115—4.1(a) of the

Code (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a)); and the State failed to show by a preponderance of the evidence that his absence from the trial was willful.

The record shows that defendant was arrested on July 22, 1986, and subsequently charged by information with the burglary of Turner Language School in Chicago. At a preliminary hearing held November 7, 1986, the following exchange occurred:

"MR. RONKOWSKI (Prosecutor): Our file does not indicate the defendant has been admonished regarding trial in absentitia [*sic*].

THE COURT: Mr. Coppage, the State is referring to a statute which allows them to try you in your absence if you fial [*sic*] to appear for court. So make sure you make all your court dates."

On March 5, 1987, trial commenced with defendant present and represented by counsel. The stipulated testimony of Mr. Malone was entered, indicating that he was employed by the Chicago Board of Education, which owned the property known as Turner Language School at 9300 South Princeton, and that on July 22, 1986, defendant did not have permission or authority to enter the school or remove property therefrom.

Chicago police officer Mark Fortuna then testified that on July 22, 1986, he had responded to a burglary-in-progress report at the Turner Language School and observed defendant and two other men at an open window on the west side of the school. He testified that he first saw defendant positioned half inside and half outside the window. Defendant then jumped out of the window and ran. He was soon apprehended by two other police officers who had also responded to the call.

Fortuna also testified that defendant agreed to make a statement after being informed of his *Miranda* rights. Defendant told police that he had not entered the school, although his two friends had done so. He also told police the whereabouts of certain items which had been stolen from the school.

After Fortuna testified the State requested a recess due to the fact that its next witness, Officer Tully, was not present. Shortly thereafter the court learned that Officer Tully would not be available, and the case was continued by agreement to March 13, 1986.

On March 13, 1986, the case was called and defendant was present. However, Officer Tully was still not available and the case was passed until 1 p.m. that day.

At 1 p.m. Officer Tully was still not available. At this time, how-

ever, defendant did not appear in court. Defense counsel informed the court that defendant was absent because he had gone to pick up a defense witness. The case was passed until 2 p.m., at which time both defendant and Officer Tully were still not present. Thus, the court agreed to another continuance until March 17, 1987. Because defendant had failed to appear, the court issued a bond forfeiture warrant against defendant.

When the case was called on March 17, 1987, defense counsel informed the court that defendant was aware that the trial had been continued to this date but that he was not present due to "transportation problems." The State then indicated that it was electing to proceed in defendant's absence. The court refused to proceed "without complying with the statute," which the court interpreted as requiring that a certified letter be sent to defendant's last known address and that a substantial showing be made that defendant's absence was wilful. Therefore, the case was passed until 11 a.m. to await defendant's arrival.

At 11:15 a.m., however, the trial court reconsidered its position and decided that defendant had been made aware of the court date by counsel and that the statutory requirement that a certified letter be sent to defendant regarding the court date was permissive and not mandatory. The trial court then held that the only statutory requirement was to wait two successive court dates before proceeding without defendant, upon a finding that his absence was willful, and that this requirement had been met. Therefore, the court allowed the State to proceed with its case. Officer Tully testified and corroborated Officer Fortuna's testimony in every detail.

After Officer Tully's testimony, the court continued the case until 1 p.m. that day to give defendant another chance to appear. However, at 1 p.m. defendant had still not arrived, and the court refused to grant another continuance to allow defense counsel an opportunity to locate defendant. Therefore, defense counsel merely submitted copies of the police reports, which contained defendant's statement that he had not entered the school building. The court then found defendant guilty of burglary.

On April 15, 1987, defendant's sentencing hearing was held. Defendant, who had surrendered to police on March 25, 1987, was present. The trial court first denied defendant's motion for a new trial and then sentenced him to two years' probation. Defendant appeals, contending that the trial court erred by proceeding with the trial *in absentia* because (1) he was insufficiently admonished that his right to confront the witnesses against him would be waived by his

failure to appear at trial; (2) he was not notified of the new court date by certified mail; and (3) the State failed to make a *prima facie* showing that his absence had been willful.

■■ ■ We first address the State's claim that defendant has waived his right to present these issues to this court because he failed to make a post-trial motion for a new trial pursuant to section 115—4.1(e) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e)) and because he failed to raise the issues presented here in the new-trial motion that he did file. We cannot accept the State's argument that defendant waived the issues he now raises by his failure to file a section 115—4.1(e) motion. Section 115—4.1(e) of the Code states:

"When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e).)

However, our supreme court held in *People v. Partee* (1988), 125 Ill. 2d 24, 530 N.E.2d 460, that a section 115—4.1(e) motion was not a procedural or jurisdictional prerequisite to a direct appeal. Rather, a section 115—4.1(e) motion is a collateral attack and a request for a parallel proceeding which provides defendant with an additional means of securing a new trial. See also *People v. Muir* (1983), 113 Ill. App. 3d 1096, 448 N.E.2d 233; *People v. Stark* (1984), 121 Ill. App. 3d 787, 460 N.E.2d 47; *People v. Sayles* (1985), 130 Ill. App. 3d 882, 474 N.E.2d 870.

Furthermore, a section 115—4.1(e) motion, in which defendant would have the burden of proving that his absence was not willful, varies greatly from a direct appeal, where defendant asserts that the State failed to meet its burden of making a *prima facie* showing that defendant's absence was willful. Since these two approaches are conceptually different, defendant's failure to utilize one approach should not act as a bar to the other.

■■ However, this does not completely resolve the issue of waiver. The question still remains whether defendant's failure to raise the specific issues he now raises in the new-trial motion he filed acts as a bar to his appeal. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 522

N.E.2d 1124.) Although we agree that a defendant waives issues not specifically raised both in trial and in a post-trial motion, we find that the issues raised by defendant here, if found to be error, would amount to plain error and, thus, we shall proceed to address defendant's issues on the merits.

Defendant's first issue on appeal is whether he was sufficiently admonished that his failure to appear at trial could result in the waiver of his right of confrontation. Defendant concedes that on November 7, 1986, the court informed him that if he failed to appear for trial or any scheduled court dates, he could be tried *in absentia*. However, defendant contends that this warning was insufficient to comply with the statute. (See Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e).) Defendant argues that only strict compliance with the statute protects a defendant's constitutional rights and, thus, the cases which approve only substantial compliance, namely *People v. Broyld* (1986), 146 Ill. App. 3d 693, 497 N.E.2d 147, *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590, and *People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708, were decided incorrectly.

We disagree. We acknowledge that the right of a defendant to be present at trial is substantial and that trials *in absentia* should be abhorred because of their inherent unfairness to the defendant. (*People v. Lester* (1988), 165 Ill. App. 3d 1056, 519 N.E.2d 1127.) However, statutory law allows a defendant to be tried *in absentia* if properly admonished pursuant to section 113—4(e) of the Code, which states:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e).)

We construe this provision to be a directive to the trial courts to notify defendants of their constitutional right to be present at their own trial, as well as caution them that they may forfeit that right by their willful absence. The exact wording used by the court to convey this message to defendant should be scrutinized to determine whether it sufficiently apprises the defendant of his right to be present so that a subsequent willful absence may be interpreted as a knowing waiver. However, the specific words used are not important as long as it is apparent that defendant was made aware that he has the right to be present at his trial but that his absence need not preclude the court

from proceeding. Since defendant was advised to appear for all court dates and informed that trial could proceed without him, we find that there was substantial compliance with the statute and that defendant's rights were sufficiently protected. *Powell,* 95 Ill. App. 3d 93, 419 N.E.2d 708; *Clark,* 96 Ill. App. 3d 491, 421 N.E.2d 590; *Broyld,* 146 Ill. App. 3d 693, 497 N.E.2d 147.

■■ Defendant next contends that he never received notice of the new court date by certified mail in contravention of section 115—4.1(a) of the Code. (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a).) However, we find a fundamental error in defendant's argument. Section 115—4.1(a) of the Code states in pertinent part:

"When a defendant after arrest and an initial court appearance for a non-capital felony, fails to .appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. *** *If trial had previously commenced in the presence of the defendant and the defendant willfully absents himself for two successive court days, the court shall proceed to trial. All procedural rights guaranteed by the United States Constitution, Constitution of the State of Illinois, statutes of the State of Illinois, and rules of court shall apply to the proceedings the same as if the defendant were present in court and had not either forfeited his bail bond or escaped from custody. The court may set the case for a trial which may be conducted under this Section despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was set for trial.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a).)

The underscored portion of the cited statute, which indicates that a defendant must be notified by certified mail of the court date, applies only to those situations where the case is being set for trial and where defendant has failed to appear at the hearing at which the court date is set. On the other hand, the statute clearly indicates that in those situations where trial has previously commenced in the presence of the defendant and thereafter defendant willfully absents himself from the proceedings, the court "shall proceed" after waiting two

successive court days. We find that the statute addresses two distinct sets of circumstances which are mutually exclusive and that the trial court acted correctly and according to statute when it proceeded with trial after waiting two successive court days after determining that defendant willfully absented himself from the proceedings.

■■ In *People v. Flores* (1984), 104 Ill. 2d 40, 470 N.E.2d 307, our supreme court approved a trial *in absentia* where the defendant failed to appear the second day of trial. The *Flores* court determined that the two-day waiting period was permissive and not mandatory. It held that a defendant should not benefit from his own defiance of the judicial system and that to construe section 115—4.1(a) of the Code to require a two-day waiting period would be disruptive to the court's docket and, thus, an unconstitutional infringement upon the powers of the judiciary. Although *Flores* does not directly address the mailing provision, it seems clear the provision was not complied with. In addition, the rationale expressed in *Flores* lends support for our finding that the mailing provision is inapplicable to those instances where trial has already commenced, as in the present case.

■■ We also note that common sense and simple logic dictate that the mailing provision be inapplicable to situations where trial has already begun. A fundamental rule of statutory construction is that each word, clause or sentence must be given some reasonable meaning if possible. (*Flores,* 104 Ill. 2d at 52.) However, if we construed the mailing provision to be applicable to situations where trial has already commenced, the directive to the court to proceed with trial after waiting two successive court days would be rendered meaningless, or the mailing provision would be a useless gesture, since in many instances notification by certified mail would not reach a defendant before trial would recommence.

■■ Finally, we address defendant's contention that the State failed to show that his absence was willful. In *People v. Devoe* (1987), 163 Ill. App. 3d 855, 516 N.E.2d 1017, the court held that to *prima facie* establish that a defendant's absence was willful avoidance, the State need only show that it complied with the statutory requirements and that defendant was not present in court. Since we have determined above that the statutory requirements were met, it follows that a *prima facie* showing of willful avoidance was also set forth.

■■ We further find that the trial court did not err by determining that defendant's absence was willful. Although defendant was not present in court when the case was continued the second time, defense counsel, as an officer of the court, informed the court that defendant had been contacted regarding the court date. When counsel

further indicated that defendant was experiencing transportation difficulties and would be present by 11 a.m., the court passed the case. However, when defendant did not appear by that time, the court reasonably concluded that defendant willfully failed to appear and recommenced the trial. In light of the fact that defendant's bond had been forfeited and a warrant issued due to his previous absence from court and defendant still did not appear by 1 p.m. on March 17, 1987, we find no error in the court's actions.

The judgment of the circuit court is affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 as costs for the State's defending this appeal and incorporate it as part of our judgment.

Affirmed.

MANNING, P.J., and O'CONNOR, J ., concur.