Fred KIMBERLING, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 32A04–8907–CR–299.

Court of Appeals of Indiana,
Fourth District.

March 29, 1990.

Ordered Published July 16, 1990.

Robert W. Freese, Elmendorf, Meyer &
Freese, Brownsburg, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana,
John D. Shuman, Deputy Atty. Gen., India-
napolis, for appellee.

CHEZEM, Presiding Judge.

Case Summary

Defendant/Appellant, Fred Kimberling,
appeals his conviction of Operating While
Intoxicated, a class D felony, and the revo-
cation of probation which had been granted
on a prior charge. We reverse.

Issue

Defendant raises three issues; however,
because we reverse, we address only one,
as follows:

Whether the trial court's denial of Defen-
dant's request for a second court appointed
counsel, after the first court appointed
counsel withdrew because Defendant failed
to cooperate with counsel, violated Article
I, sec. 13 of the Indiana Constitution.

Facts

Defendant was charged with Operating a
Vehicle While Intoxicated, a class A misde-
meanor, and was convicted of the offense
through a plea agreement on September
11, 1987. In that agreement, Defendant
received a sentence for three hundred six-
ty-five (365) days, of which three hundred
and sixty (360) were suspended, and three
hundred sixty-five (365) days probation.
As a condition of that probation Defendant
agreed not to consume alcohol or violate
any law (Federal, State or local). Further,
Defendant's driver's license was suspended
for ninety (90) days from the effective date
of the administrative suspension, May 15,
1987.

On September 19, 1987, Defendant was arrested and charged with Operating a Vehicle While Intoxicated, a class D felony, Operating a Vehicle with a Blood Alcohol Count of .10% or More, a class D felony, and Driving While Suspended, a class A misdemeanor. Defendant was also sent notice that the Probation Department sought to revoke his probation.

At the initial hearing, Defendant requested appointment of counsel. After the trial court conducted a hearing to determine indigency, it appointed Robert Freese as Defendant's attorney.

Defendant pleaded guilty to Operating a Vehicle While Intoxicated, a class D felony, pursuant to a plea agreement, in which the State agreed to dismiss the remaining two charges. At the plea hearing on July 22, 1988, the trial court set the sentencing hearing for September 13, 1988, and an evidentiary hearing for October 11, 1988 on the issue of probation revocation. Defendant was informed that he must be at the September 13, 1988 hearing and must consult with his attorney prior to the hearing.[1]

Defendant failed to appear at the sentencing hearing. Defendant's counsel stated at the hearing that Defendant had not had any contact with him and moved to withdraw from the case because Defendant had failed to cooperate with counsel; the motion was granted. Also, the trial court rejected Defendant's plea of guilty and issued a bench warrant for his arrest. Defendant also failed to appear at the evidentiary hearing on the issue of revocation of probation on October 11, 1988.

Sometime after the scheduled hearing on October 11, but on the same day, Defendant appeared in court. Defendant requested that new counsel be appointed for him. The trial court rejected his request and instructed Defendant that because he failed to cooperate with appointed counsel, new counsel would not be appointed; Defendant would have to hire his own counsel.

On January 13, 1989, Defendant appeared for trial and for the hearing on the petition for revocation of probation. At that time, Defendant stated that he could not afford to hire an attorney; the trial court again refused to appoint counsel, and Defendant proceeded pro se. A bench trial was conducted, and Defendant was found guilty on both counts. The trial court also found a true bill on the petition for revocation and revoked Defendant's probation. Defendant's original remaining sentence of three hundred sixty (360) days in the Hendricks County Jail was reinstated. At sentencing, Defendant was sentenced to seven hundred thirty (730) days in the Indiana Department of Corrections, to run consecutive to the reinstated sentence.

### Discussion and Decision

 Defendant argues that the trial court's denial of his request for appointed counsel deprived him of assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States, and Article I, sec. 13 of the Indiana Constitution. Because we find a basis for reversal in Article I, sec. 13 of the Indiana Constitution, we need not resort to the application of the Sixth and Fourteenth Amendments.

Indiana courts have historically interpreted Article I, sec. 13, to require a right to appointed counsel for indigent criminal defendants, even before the landmark case of *Gideon v. Wainwright* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in which the United States Supreme Court applied to the States, through the due process clause of the Fourteenth Amendment, the Sixth Amendment requirement of appointed counsel for indigent defendants in criminal proceedings. *State v. Minton* (1955), 234 Ind. 578, 130 N.E.2d 226; *Winn v. State* (1953), 232 Ind. 70, 111 N.E.2d 653; *State v. Lindsey* (1952), 231 Ind. 126, 106 N.E.2d 230; *Campbell v. State* (1951), 229 Ind. 198, 96 N.E.2d 876; *Bradley v. State* (1949), 227 Ind. 131, 84 N.E.2d 580; *Wilson v. State* (1943), 222 Ind. 63, 51 N.E.2d 848.

In *Fitzgerald v. State* (1970), 254 Ind. 39, 257 N.E.2d 305, the Indiana Supreme Court stated:

---

1. Defendant was also informed of the October 11, 1988, hearing, but Defendant's counsel had

thought that the hearing would be unnecessary if the trial court accepted the plea.

... Ordinarily courts are unwilling to reward a litigant for his own misconduct. Notwithstanding the above, in the case at bar we are dealing with no ordinary right but rather with a constitutional right of fundamental importance—the right to assistance of counsel ...

Recognizing [the court's duty to protect fundamental rights], both this court and the United States Supreme Court have insisted that constitutional rights may not be waived except by the appellant himself, knowingly, intelligently and understandingly. A heavy burden is borne by the State whenever it is claimed or alleged that a constitutional right of a defendant has been waived. A silent record is not enough.

*Id.* 257 N.E.2d at 311 (citations omitted).

In *Fitzgerald*, the defendant appeared at trial without counsel; his private counsel had previously withdrawn. The trial court required the defendant to proceed pro se. The Supreme Court reversed the conviction and held that there can be no valid criminal trial unless a defendant is represented by counsel if he desires counsel. *Id.*

Here, Defendant did not waive his right to counsel by failing to appear at the sentencing hearing. In order for this court to sustain a valid waiver, the record must be clear that Defendant knowingly, voluntarily and intelligently waived his right to counsel *and* was advised of the possible consequences of proceeding without counsel. *Morgan v. State* (1981), Ind., 417 N.E.2d 1154; *Bolkovac v. State* (1951), 229 Ind. 294, 98 N.E.2d 250.

Defendant also did not waive his right by allegedly failing to cooperate with counsel. As the Supreme Court noted in *Fitzgerald*, the court has other powers at its disposal to prevent a defendant from "prostitut[ing] the system and thwart[ing] the system of justice" through delay. *Id.* at 49, 257 N.E.2d 305. Such powers would include use of the contempt power. *Id.* Here, Defendant did not use his request for counsel as a delay. He requested new counsel at his first opportunity after the court withdrew appointment of the public defender. He also stated to the court at the beginning of the trial that he could not afford to hire an attorney.

The trial court's denial of Defendant's request for counsel was erroneous. The record reveals that Defendant did not cross-examine any of the State's witnesses, did not make any objections, and called only one witness to verify that he has not had a problem with alcohol since the arrest. Under the circumstances, prejudice to Defendant will be presumed.

Accordingly, we reverse and remand for the trial court to ascertain whether Defendant is still indigent, and thus eligible for appointment of counsel, and for a new trial and a new hearing on the issue of revocation of probation.

CONOVER and BUCHANAN, JJ. concur.