**Randy Lee CARR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 04A05–9110–CR–352.[1]**

Court of Appeals of Indiana,
First District.

May 19, 1992.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

Randy Lee Carr appeals his conviction of Burglary, a Class C felony,[2] and his habitual offender enhancement. We reverse and remand.

ISSUES

We address the two dispositive issues on appeal:

1. Did the trial court err in finding that Carr waived his right to a jury at trial and at his habitual offender proceedings by his absence at trial?

2. Did the trial court err in finding that Carr waived his right to counsel?

FACTS

Carr was charged with burglary on January 18, 1989. He appeared with counsel at the initial hearing and requested a jury trial. The trial was scheduled in Carr's presence for March 9, 1989. Carr was granted a continuance on March 2, 1989, and the trial was reset for June 16, 1989.

---

1. This case was diverted to this office by order of the Chief Judge on April 22, 1992.

2. IND.CODE § 35–43–2–1.

However, the court by its own motion reset the trial for June 14, 1989.

Carr failed to appear at trial on June 14, 1989. The court discharged the jury and conducted a bench trial after finding that Carr was voluntarily absent. Carr was not represented by counsel at the trial. The court convicted Carr of burglary.

Carr later appeared before the court and was advised of his conviction. Counsel was appointed to represent him during the habitual offender proceedings, which had been stayed until Carr was returned to the jurisdiction. The court informed him that he had waived his right to a jury during the habitual offender proceedings by being absent at the trial. The court determined that Carr was an habitual offender and enhanced his sentence by thirty years.

## DISCUSSION AND DECISION

*Issue One*

■ Carr contends, and the State concedes, that the trial court erred by finding that he waived his right to a jury trial by his absence at trial. Carr claims that the court's action of conducting a bench trial violated his rights under the United States and Indiana Constitutions. *See* U.S. Const. amend. 6 and Ind. Const. art. 1, § 13; *Perkins v. State* (1989), Ind., 541 N.E.2d 927, 928. The record reflects that Carr demanded a jury trial. Waiver of a jury trial must be made by the defendant in a knowing and voluntary manner personally expressed by him *viva voce* or in writing and memorialized on the court's record. *Perkins,* 541 N.E.2d at 928. The trial court determined that Carr waived his right to a jury trial by his absence at trial. Carr admits that an accused may waive his right to be present at trial by his absence, *see McCaffrey v. State* (1991), Ind.App., 577 N.E.2d 617, 618, but denies that such absence also waives his right to a jury trial. Indiana has not

addressed this particular question previously.[3] Therefore, we look to cases in other jurisdictions.

A New York court best sums up the holdings of other jurisdictions:

"A defendant cannot be deemed to have waived his right to a jury trial solely by his inferred waiver of the right to be present at the trial. Both the right to be present and the right to a jury trial are fundamental constitutional rights; therefore, any waiver must be made knowingly, voluntarily, and intelligently."

*People v. Cannady* (1985), 127 Misc.2d 783, 487 N.Y.S.2d 294, 297, *aff'd,* 138 A.D.2d 616, 526 N.Y.S.2d 202 (1988); *see Howell v. State* (1991), 87 Md.App. 57, 589 A.2d 90, 100, *cert. denied,* 324 Md. 324, 597 A.2d 421; *see also People v. Powell* (1981), 95 Ill.App.3d 93, 50 Ill.Dec. 600, 603, 419 N.E.2d 708, 711, *cert. denied; State v. Wren* (1977), 115 Ariz. 257, 564 P.2d 946, 947. We agree with the above courts and hold that a defendant in Indiana does not waive his right to a jury trial by failing to appear at trial. The record does not support the trial court's finding that Carr knowingly and voluntarily waived his right to a jury trial. Accordingly, we reverse and remand for a new trial.

■ Consequently, the denial of a jury at the habitual offender proceedings was also error. IND.CODE § 35–50–2–8(c) provides that if the defendant was convicted in a jury trial, the jury shall reconvene for the sentencing hearing on the habitual offender count. If a bench trial was conducted, then the court alone conducts the sentencing hearing. Because Carr had not waived his right and was entitled to a jury trial, he was likewise entitled to have a jury determine whether he was an habitual offender.

*Issue Two*

■ Carr also contends that the trial court erred in concluding that Carr waived

3. A similar issue was addressed in *Marcum v. State* (1987), Ind.App., 509 N.E.2d 895. In *Marcum,* when the defendant appeared for trial, the court compelled him to be tried by the bench solely because he had not attended the pretrial conference. *Id.* at 896. The appellate court reversed the trial court, finding that Marcum's failure to attend the pretrial conference did not in itself constitute a knowing, intelligent, and voluntary waiver of the jury trial right. *Id.* at 896–97. The appellate court granted a new trial where the record failed to demonstrate the defendant's waiver of his right to a jury trial. *Id.* at 897.

his right to trial counsel by his failure to appear at trial. *See* Record at 193. The right to counsel is guaranteed by the U.S. and Indiana Constitutions. *Graves v. State* (1987), Ind.App., 503 N.E.2d 1258, 1260. The right to counsel can only be relinquished by a knowing, voluntary, and intelligent waiver. *Dowell v. State* (1990), Ind. App., 557 N.E.2d 1063, 1065–66, *cert. denied,* — U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143. Carr's failure to appear at trial does not reflect a knowing, voluntary, and intelligent waiver of counsel. The court erred in finding waiver.

We conclude that Carr was denied his right to counsel at trial and his rights to have a jury at the trial and the habitual offender proceedings. Therefore, we reverse and remand for a new trial.

Reversed and remanded.

BAKER and CONOVER, JJ., concur.