Dennis W. **BOESEL,** Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 74A01–9202–CR–54.

Court of Appeals of Indiana,
First District.

July 22, 1992.

☞641.12(1)

---

William A. Eastridge, Santa Claus, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Dennis W. Boesel appeals from his convictions for Arson,[1] a Class B felony, Burglary,[2] a Class C felony, and Theft,[3] a Class D felony. We reverse and remand.

## ISSUE

We restate the dispositive issue on appeal:

Was Boesel denied his right to assistance of counsel when the trial court failed to appoint an attorney for him after his third court-appointed counsel withdrew during trial and the trial proceeded with Boesel absent and unrepresented?[4]

## FACTS

On March 13, 1989, Gerald Thom was appointed to represent Boesel after two other attorneys had withdrawn. On May 22, 1989, Thom moved to withdraw since Boesel failed to keep appointments to discuss and prepare for the imminent trial. During a hearing on the motion, Boesel testified that a family matter had kept him from meeting with Thom. The trial court denied Thom's motion to withdraw and confirmed the trial date of June 5, 1989.

Boesel failed to appear for trial on June 5, 1989 and Thom moved for a continuance. The trial court denied the request, revoked bond, and issued an arrest warrant for Boesel. Thom also moved to withdraw but the trial court again denied his motion.

After jury selection, Thom moved for a continuance to give Boesel an "opportunity to attend" the trial. Record at 504. The trial court denied the motion. Thom re-newed his motion to withdraw, which the trial court granted. Boesel was thus tried *in absentia* and without the assistance of counsel. He was convicted of all three counts and now appeals. Other relevant facts will be stated in our discussion.

## DISCUSSION AND DECISION[5]

Boesel claims that he was denied his right to assistance of counsel when the trial court failed to appoint an attorney for him after his third court-appointed counsel withdrew during trial and the trial proceeded with Boesel absent and unrepresented. We agree.

The trial court's grant of Thom's motion to withdraw will not be reversed absent an abuse of discretion. *See Flowers v. State* (1988), Ind., 528 N.E.2d 57, 59. In this case, however, we find that the trial court abused its discretion when it allowed Thom to withdraw following voir dire and after the jury was impanelled. *See* Record at 502–505.

The right to counsel is guaranteed by the United States and Indiana Constitutions. *Graves v. State* (1987), Ind. App., 503 N.E.2d 1258, 1260. This right is also afforded to indigent defendants, *Kimberling v. State* (1990), Ind.App., 556 N.E.2d 1331, 1332–1333, and can only be relinquished by a knowing, voluntary, and intelligent waiver, which Boesel insists was not present here. *See Dowell v. State* (1990), Ind.App., 557 N.E.2d 1063, 1065–66, *trans. denied, cert. denied,* — U.S. —, 112 S.Ct. 181, 116 L.Ed.2d 143. We find that our recent decision in *Carr v. State* (1992), Ind.App., 591 N.E.2d 640, is dispositive of Boesel's contention. In *Carr*, we held that a defendant does not waive his right to counsel by failing to appear at trial. *Id.* at 642.

Here, as in *Carr*, Boesel was tried and convicted *in absentia* and unrepre-

---

1. IND.CODE § 35–43–1–1(a)(3).

2. IND.CODE § 35–43–2–1.

3. IND.CODE § 35–43–4–2(a).

4. Because we reverse and remand for a new trial on Boesel's claim of denial of the right to

counsel, we need not address his other allegations of error.

5. We note that the State's citation to persuasive authority from South Carolina is unnecessary in view of binding precedent in Indiana on waiver of the right to counsel.

sented by counsel. We find that, like *Carr*, Boesel's failure to appear at trial does not reflect a knowing, voluntary, and intelligent waiver of counsel. Thus, the court erred in finding waiver. *See Kimberling*, 556 N.E.2d at 1333 (for valid waiver, record must show that defendant voluntarily, knowingly, and intelligently waived right to counsel *and* was advised of consequences of proceeding without counsel) (emphasis in original); *see also Shelton v. State* (1979), 181 Ind.App. 50, 54–55, 390 N.E.2d 1048, 1051, *trans. denied* (where record showed defendant advised of rights he surrendered and elected to proceed *pro se*, facts and circumstances such that defendant clearly aware of nature and importance of right of assistance of counsel and deliberately and intelligently chose to waive it).

Although we understand the trial court's frustration with Boesel's apparent lack of cooperation with appointed counsel, *see* Record at 328–330 and 505, and it may be possible that Thom's withdrawal was permitted under IND.CODE § 35–36–8–2(b)(3), we cannot say either that the mere failure to appear for trial in this case amounts to a knowing waiver of the right to counsel, or that a failure to communicate with appointed counsel is equivalent to an implied waiver of the right to counsel.

We conclude that Boesel was denied his right to counsel at trial and the trial court abused its discretion in allowing Boesel's third court-appointed counsel to withdraw after trial commenced. Therefore, we reverse and remand for a new trial.

Reversed and remanded.

ROBERTSON and BAKER, JJ., concur.